## St. L., I. M. & S. Ry. v. Person.

1. RAILROADS: *Duty of conductor to stop cars at regular station.*

It is the duty of the conductor of a passenger train to stop the cars at a regular station to which a passenger is bound, and to keep them at a stand-still for such reasonable time as will enable the passenger to leave the cars in safety.

2. SAME: *Contributory negligence.*

Where a train stops at the station to which a passenger is bound but before he is able to alight, it is started again and he is injured in attempting to get off, un-der the conductor's direction, while the train is moving slowly and the danger is not apparent, he is not guilty of such contributory negligence as will bar a re-covery for the injury.

3. SAME: *Same.* Instruction.

In an action to recover for injuries sustained by alighting from a train in motion, under the conductor's direction, the defendant requested the following instruction: "If the jury believe from the evidence, that the train was stopped at the station a sufficient length of time to enable the plaintiff, by the exercise of reasonable diligence, to have alighted; that, failing to do so, he leaped from the train after it had started, and while it was in motion, and was thereby injured, they will find for the defendant." *Held:* That this was properly refused as it seeks to make it negligence *per se*, and inexcusable, for the plaintiff to alight from the train while it is in motion. That whether he is guilty of negligence, is a question to be determined from all the circumstances in proof.

4. SAME: *Same.*

[See in the statement of the case instructions objected to in the court below and approved by this court as stating correctly the law of contributory negligence applicable to the facts of this case.—REP.] (*St. Louis, I. M. & S. Ry. v. Cantrell, 37 Ark., 522; St. Louis, I. M. & S. Ry. v. Rosenberry, 45 Ark., 261; Little Rock & F. S. Ry. v. Atkins, 46 Ark., 423*)

APPEAL from *Pulaski* Circuit Court.

F. T. VAUGHAN, Judge.

This was an action to recover damages for personal injuries sustained by appellee in having his leg broken through the alleged negligence of the appellant. The complaint charged that on December 25, 1884, plaintiff was a passenger on defendant's train on his journey from Little Rock to his home at Mabelvale; that the conductor of the train failed to stop his train at Mabelvale a sufficient length of time to enable plaintiff to get off safely, but, at the same time, pressed and urged the plaintiff to get off while the train was in motion; and by reason of the darkness of the night, the train having passed the platform, plaintiff, in getting off, fell and broke his leg; whereby he suffered great pain, etc., to his damage $5000. The answer denies specifically all of the allegations of the complaint, and charged contributory negligence on the part of the plaintiff.

The court gave the three following declarations of law, over defendant's objections, properly saved, to-wit: "(2) The court instructs the jury that if they believe, from the evidence in the cause, that the plaintiff, at the time stated in his complaint, had purchased from the defendant company a ticket from Little Rock to Mabelvale station, and entered its regular passenger train for the purpose of being carried there, and that said Mabelvale was a regular station upon the line of railway, where passengers are accustomed to get on and off its trains, then it was the duty of the conductor of such train to stop the cars at said station, and keep them at a stand-still a reasonable length of time, sufficient to enable the plaintiff to leave the cars in safety. And if the jury further believe, from the evidence in this cause, that the conductor failed to comply with his duty in that behalf, and that, by reason of such failure, the plaintiff, while attempting to get off such train at said station, was injured without any contributory negligence on his part, the defendant is liable therefor, and the jury should find for the plaintiff. And the court further instructs the jury, that if they believe, from the evidence in this cause, that upon arriving at said station the train was stopped, but, before the plaintiff was able to alight therefrom, the train was started up again, and that the plaintiff was ordered by the conductor to get off, and under such directions attempted to do so while the train was going slow, and the danger of so doing was not apparent, the plaintiff had a right to rely upon the conductor's judgment, and his obeying such direction was not such contributory negligence as would bar his recovery. (3) If the jury find, from the evidence, that the plaintiff was ordered or directed by the conductor or agent of the defendant to get off the train, he had a right to rely upon such advice or direction, provided he took no more risk in getting off the train than a prudent man would have taken under the same circumstances. (4) If the jury find that the plaintiff took no more risk than a

prudent man would under the circumstances, he is not guilty of contributory negligence."

The court gave several instructions as asked by defendant, only one of which is here copied, to-wit: " (1) If the jury believe, from the evidence, that the plaintiff jumped off the train after it had begun to move away from the station at Mabelvale, and the night was so dark that he could not see whether there was a safe place for him to alight, and that he did this voluntarily, and for no other reason than because he did not wish to be carried past his station, and that a man of ordinary prudence would not have so jumped, they are authorized to find that the injury was caused by the contributory negligence of plaintiff, and he cannot recover."

But the court refused to give the fifth declaration, as asked by defendant. It reads as follows: " (5) If the jury believe, from the evidence, that the train was stopped a sufficient length of time to enable the plaintiff, by the exercise of reasonable diligence, to have alighted; that, failing to do so, he leaped from the train after it had started and while it was in motion, and was thereby injured, they will find for the defendant."

The court on its own motion, over defendant's objection, gave the jury this further instruction, to-wit: "(1) Where the risk or danger of alighting from a moving train is not apparent to the passenger, and he is urged to take the hazard by the company's employe, whose duty it is to know the danger, his conduct will not be regarded as negligent. Where the danger is obvious, but slight, he has the right to rely upon the judgment of the conductor, whose duty and experience he may presume give a superior knowledge of such matters, and so justify an act which would otherwise be negligent. If the motion of the train was so slow that the danger of jumping off would not be apparent to a reasonable person, and the plaintiff acted under the instructions of the manager of the

train, then the resulting injury was not caused by contributory negligence or want of ordinary care."

Ordinary care in the case was defined to be that degree of care which may have been reasonably expected from a sensible person in the passenger's situation. A passenger cannot throw the responsibility of his own wanton and unreasonable acts upon the company, merely because the conductor has directed it.

The jury awarded the plaintiff $865 damages. A motion for a new trial was filed, and overruled, and an appeal prayed.

*Dodge & Johnson* for appellant.

The principles of law which govern the liability of railroad carriers in suits of this character are well settled. The carriers are not *insurers* of the *lives* and *safety* of passengers, but are bound to take all precautions which wisdom and foresight can suggest to protect and safely deliver at their destination the passengers whose lives are entrusted to their care. They are therefore liable for slight negligence. This liability is *limited* by the duty of all passengers, as reasonable, careful and thoughtful beings, *to protect and take care of themselves.* If the negligence of the railroad carrier has exposed a passenger to danger, he is entitled to recover if he is injured, *provided he could not avoid* the *consequences* of the negligence by the *exercise* of *ordinary care.* If he fails to exercise ordinary care he cannot recover, unless it appears that the accident would have happened notwithstanding the exercise of ordinary care. The ordinary care necessary to be exercised is such as will be reasonably considered by a prudent man *proportionate* to the *danger* and *peril* to be avoided. A failure to exercise this ordinary care, under the circumstances, constitute the *contributory negligence* which bars the right of recovery and compensation. The plaintiff's own negligence will then have been the

cause of his injury. *Sherman & Redfield on Negligence, secs. 25 to 35, and sec. 265; Wharton on Negligence, secs. 300–626; Railway Co. v. Hendricks, 26 Ind., 228.*

"*Getting on or off a vehicle while in motion is a familiar instance of negligence in the plaintiff, almost always fatal to a recovery for an injury in part from the negligence of the carrier at the same time.*" *Sherman & Redfield on Neg., sec. 283; Wharton on Neg., sec. 369; Railway Co. v. Whitfield, 44 Miss., 486; Railway Co. v..Hazzard, 26 Ill., 384.*

The only cases where such an act may be excused is where, upon the *whole,* under the *particular circumstances,* it may be *prudent* so to act. An examination of these cases, where the action of the plaintiff in leaving the train while in motion has been excused, will show that the plaintiff acted under a *controlling necessity—a "vis major"—or was deprived of "responsible volition"* by the *wrongful acts of the carrier;* "and where there was no responsible volition there was no damnifying negligence." *Sherman & Redfield on Neg., secs. 25, 35, 282, 283; Wharton on Neg., 353, 371; 2 Red. Law Railway, sec. 177; Garrett v. Railway Co., 16 Gray., 502–6–7; Railway Co. v. Slatton, 54 Ill., 133; Lambeth v. Railway Co., 66 N. C., 499; Nichols v. Railway Co , 106 Mass., 464; Filer v. Railway Co., 49 N. Y., 47; Pa. Railway Co. v. Aspell, 23 Penn., 149, 150; id. v. Kilgore, 32 Pa., 296; Curtis v. Railway Co., 20 Barb., 282; Morrison v. Railway Co., 56 N. Y., 305; Sullivan v. Railway Co., 6 Casey, 234; Railway Co. v. Schiebe, 44 Ill., 463; Railway Co. v. Whitfield, 44 Miss., 466.*

Sherman & Redfield, in their work on Negligence (*sec. 30*), lay down the rule that, "if by the defendant's *fault* the plaintiff is suddenly put into *danger,* the plaintiff is excusable for omitting some precautions under the *disturbing influence of fear,* which, if his mind had been clear, he ought to have taken."

St. L., I. M. & S. Ry. v Person.

*W. L. Terry* and *T. E. Gibbon* for appellee.

The question as to whether or not the plaintiff was justified in leaving the car as he did, is properly left to the jury by the third instruction, which is approved in *37 Ark., 522.*

A passenger has a right to rely upon the order or direction of the conductor, provided the danger is not apparent, and the party took no more risk than a prudent man would under the same circumstances, and whether he took a greater risk was a *question of fact* for the jury. *2 Thompson on Neg., pp. 1, 2, 3, 9; 46 Ark., 437.* The instruction refused by the court, sought to take this question from the jury, and was properly refused.

The instructions on part of plaintiffs are approved by this court in *37 Ark., 522; 45 id., 261; 46 id., 423,* and *47 id., 76.*

It is not negligence *per se* for a passenger to alight from a moving train. *46 Ark., 437.* In this case not only was the train moving at a *slow* rate of speed, but plaintiff had been *ordered by the conductor* to "hurry up and get off."

1. RAILROADS: Duty in stopping trains.

2. CONTRIBUTORY NEGLIGENCE.

COCKRILL, C. J. Counsel for the appellant have not undertaken to point out any ground of objection to any part of the court's charge to the jury. The instructions given at the instance of the plaintiff in the action and by the court of its own motion, either announce familiar principles of law as to the duty of a carrier of passengers to stop and allow reasonable opportunity to the passenger to alight upon the platform provided for the purpose, or else state the law of contributory negligence applicable to the facts of the case almost in the language used or approved by this court when discussing the principles that control similar cases. *St. Louis, Iron M. & S. Ry. v. Cantrell, 37 Ark., 522; St. L. I. M. & S. Ry. v. Rosenberry, 45 id., 261; L. R. & F. S. Ry. v. Atkins, 46 id., 423.*

The court granted all the appellant's requests for instructions as asked except one, which it rejected. The refusal to instruct the jury as asked in this particular is the only objection made to any ruling of the court at the trial that has been specifically pointed to as error. The request was this:

"If the jury believe from the evidence that the train was stopped at the station a sufficient length of time to enable the plaintiff by the exercise of reasonable diligence to have alighted; that failing to do so he leaped from the train after it had started, and while it was in motion, and was thereby injured, they will find for the defendant."

Without this, the charge of the court fairly covered every phase of the case. It had been explained to the jury that a passenger could not throw the responsibility of his own reckless or unreasonable conduct upon the company merely because the conductor had requested or directed him to hurry off, but they were told that if the motion of the train was so slow that the danger of alighting would not be apparent to a prudent man, and the plaintiff in getting off acted under the instructions of the conductor, who, they were informed, was presumed to know the hazard of the act better than the plaintiff, the latter would be exculpated from negligence, and the blame for the injury could not be visited upon him. The reasonableness of the train's stop and the duty of the passenger to alight without unnecessary delay were also impressed upon them. These features of the case are all that can be said to be covered by the request that was rejected. But it was proper to reject it independent of that consideration. Whether the plaintiff was negligent in getting off promptly, or in getting off at all, while the train was in motion, were questions of fact to be determined from all the circumstances in proof, but the rejected prayer sought to make it negligence *per se*, and inexcusable for the plaintiff to undertake to alight

from the train while it was in motion; and it was not an expression of the law upon the subject.

The evidence was conflicting, and we cannot say that the jury was not justified in the conclusion they reached.

Let the judgment be affirmed.