CONLEY v. FORTY-SECOND ST., M. & ST N. A. RY. CO.

(*Superior Court of New York City, General Term.* June 20, 1888.)

1. HORSE AND STREET RAILROADS—CARRIERS—CONTRIBUTORY NEGLIGENCE—ALIGHTING FROM CAR IN MOTION—INSTRUCTIONS.

   In an action for injuries received in alighting from a street car, plaintiff testified that she rang the bell, and after the car stopped, before she had stepped from the platform, it suddenly started again, and she was thrown violently on her face, sustaining severe injuries. Certain witnesses, who were connected with the defendant company, testified that plaintiff had said since the accident that she alighted while the car was in motion, and was thus injured. *Held*, that a charge that, even if the jury found that plaintiff left the car before it was still, yet it was a question of fact whether plaintiff was guilty of contributory negligence, and if not, and defendant was guilty of negligence, plaintiff might recover, was not reversible error.

2. SAME.

   Nor was it error for the court to refuse to charge that it is negligence *per se* for a person to get off a car while it is in motion, or that, if the injuries were the result of a mere accident, then the defendant was not liable.

Appeal from jury term; CHARLES H. TRUAX, Judge.

This was an action to recover damages for injuries sustained by plaintiff through the alleged negligent act of the driver of the defendant in starting the street car on which she was a passenger after the car had stopped, and just as she was in the act of alighting, and thereby throwing her from the car to the pavement. Plaintiff was the only witness in her own behalf as to the manner in which the accident occurred. Defendant introduced witnesses,

who were officers of the defendant company or otherwise connected with it, and who testified that plaintiff had said that she alighted from the car before it had stopped, and was thus injured. The court charged the jury, among other things, that, even if they found that plaintiff left the car before it came to a stand-still, still it was a question of fact for the jury whether she was guilty of contributory negligence or not; and if they found that she was not thus guilty, assuming that the car was moving slowly, and that the defendant was guilty of negligence, then the plaintiff was entitled to a verdict. To this portion of the charge defendant excepted. Also, the court refused to charge, as requested by defendant, that it was negligence *per se* for a person to get off a car while it is in motion, and that if the injuries of which the plaintiff complained were the result of a mere accident, defendant was not liable. Plaintiff recovered judgment for $2,000, and costs. Defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*William C. Trull,* for appellant. *Herbert W. Grindal,* for respondent.

PER CURIAM. Judgment and order affirmed, with costs. No opinion.