THE NEW JERSEY TRACTION COMPANY, PLAINTIFF IN ERROR, v. JOHN GARDNER, DEFENDANT IN ERROR.

1. It is not contibutory negligence *per se* to alight from a slowly-moving horse car, and when personal injury and a suit for damages result from so doing, it should be left to the jury to determine, from all the evidence, whether the proximate cause of the accident was the plaintiff's own negligence, or a want of proper care in the control and management of the car.

2. It is not error to refuse to charge that if the jury find certain facts set forth in the request to be true, that the verdict should be for the defendant, when the facts formulated in the request are substantially the very matters in dispute. To so charge would be a trespass upon the rights of the jury.

---

On error to the Supreme Court.

For the plaintiff in error, *Depue & Parker*.

For the defendant in error, *Robert H. McCarter* and *Samuel Kalisch*.

The opinion of the court was delivered by ·

NIXON, J.  The defendant in error, in alighting from a street car owned and operated in the city of Newark by the plaintiff in error, was severely injured and recovered damages in a suit in the Essex Circuit Court.  The judgment was affirmed in the Supreme Court, and is now brought here for review.

The first alleged error is the refusal of the trial judge to nonsuit the plaintiff.  The declaration in the case alleged, among other things, that the cause of the plaintiff's injury was the sudden and violent movement of the car from a slow to a rapid rate of speed while he was in the act of alighting, by which he was thrown from the platform and under the wheels of the moving car; while the plea of the defense charged that the plaintiff was guilty of contributory negligence by the careless manner in which he alighted from the car, and that no previous notice had been given to the driver of his intention to leave the car.

While it has been generally held that to step from a steam railroad car going at any rate of speed is an act of contributory negligence, sufficient to defeat a suit for damages, it is as well settled that to step from a slowly-moving street car drawn by horses is not negligence *per se,* but that the act must be considered in connection with all the attendant facts and circumstances.

From the voluminous testimony in this case, these facts appear : The defendant in error and two companions were riding along Warren street in Newark, on the front platform of a street horse car.  They all desired to leave the car at First street, and two of them did so safely, although the car was in motion, while the defendant in error met with the accident before stated.  He insists that he notified the driver that he wished to get off, and the driver applied the brake and "slackened up."  One of his companions, Gilroy, also testified that the brake was applied by the driver and the car "almost stopped" as he got off.  The other companion, Keegan, who alighted at the same place, says "the car slackened up and then gave a big jolt ahead."  The defendant in

error in numerous repetitions, both in his examination and cross-examination, testified that when he saw the car slackening its speed and almost coming to a stop, he got down upon the step of the front platform and was in the act of getting off when "the car shot right ahead and struck him on the left shoulder," causing the accident. It was insisted that from the plaintiff's own evidence he had not exercised sufficient care, having admitted that he stepped from the platform with his face to the side of the street instead of the direction in which the car was moving, and that he made conflicting statements as to his manner of alighting, and that there was other contributory negligence. Such was the situation of the case when the plaintiff rested, and the evidence at this point clearly raised a disputed question of negligence for the jury. There was no error in refusing to grant the motion to nonsuit.

The second error assigned is the refusal of the trial judge, at the conclusion of the evidence on both sides, to direct a verdict for the defendant. We fail to find, from an inspection of the testimony for the defence, any ground for such a motion. There is no new proof as to the manner of alighting from the car, nor is there anything which tends to give any new light as to whether the sudden propulsion of the car or the plaintiff's own negligence was the proximate cause of the accident. There were witnesses called to testify that the defendant in error admitted soon after his admission to the hospital that the accident was the result of his own carelessness. This he denied, and there were others who testified that his condition at that time was such as to make him incapable of making a responsible statement. We, therefore, find nothing which would have warranted the trial judge in taking the case from the jury.

The third assignment of error is based upon a refusal to charge that "if the jury, from the evidence, found that while the car was in motion the plaintiff attempted to alight with his left foot, from the left-hand side of the car as the car was proceeding, and with his body placed at right angles to the direction in which the car was moving, the plaintiff is guilty

of contributory negligence and cannot recover." There was no error in refusing to so charge, on two grounds—first, it was in effect requesting the judge to indicate what conclusion the jury should draw, if they found certain facts contained in the request to exist, which were substantially the very matters in dispute, and concerning which the evidence was very conflicting; and second, because the correct legal principle which they should apply to all the evidence in the case on the subject of negligence, had been given to the jury. The learned judge said: "As I have stated to you already, the act of leaving a slowly-moving car is not, *per se*, a negligent act, but it is a question of fact for the jury to determine, in view of the evidence in the case, whether the act of the plaintiff in leaving the car in the way he did, was a negligent act." And again : "If it was a negligent act, then it was an act contributing to his injury, and would disentitle the plaintiff from a recovery.".

The fourth and fifth assignments of error are open to precisely the same objections we have noted in respect to the third, and that part of the charge of the judge quoted above covers all the ground which the court could take without an invasion of the province of the jury. There is nothing prejudicial to the plaintiff in error in the refusal of the judge to adopt the language of these requests. It was merely remanding the whole evidence to the jury to be dealt with by them, after declaring the legal principles which should guide them in their deliberations. It was no implication to them that they should not find the facts as postulated in the requests, but merely a refusal to indicate what their inference and conclusion must be from such facts. It is not error in any case to refuse to adopt the exact language of a request to charge which contains no legal principle applicable to the case.

The sixth and last assignment of error is a refusal of the judge to charge that "if the jury believe from the evidence that the plaintiff, standing on the front platform, intending to leave the car, and requested the driver to stop the car in order to enable him to alight, and that the driver, in com-

pliance with such request, applied the brakes for the purpose of bringing the car to a stop, and was bringing the same to a stop, that it was the duty of the plaintiff to remain upon the car until it came to a stop, and if he step from the platform to the street before it came to a stop and while it was in motion, he cannot recover."

This is practically a request to charge that to step from a slowly-moving horse car is contributory negligence *per se*. If acceded to it would have been equivalent to directing a verdict for the defendant, which had already been refused. In that part of the charge above quoted the judge had said that the act of leaving a slowly-moving car is not, *per se*, negligence, thus submitting to the jury whether there was negligence in this particular case. The facts formulated in the request are a very accurate summary of the evidence given by the plaintiff below and on which this case rested, lacking only the additional allegation that the suddenly-increased speed of the car while alighting caused the fall. There was no error in refusing this request. This court has held that it is not contributory negligence, *per se*, to step from a slowly-moving car, and that all the attending circumstances should be left to the jury. It is also the law as held in other states. *Linch v. Pittsburg Traction Co.*, 25 *Atl. Rep.* 621; *Chicago City Railway Co.* v. *Mumford*, 97 *Ill.* 560.

We find no error in the record, and the judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, LUDLOW, ADAMS, BOGERT, HENDRICKSON, NIXON. 9.

*For reversal*—None.