Scully v. Smith.

---

## WILLIAM SCULLY v. ROBERT SMITH.

### No. 356.*   (60 Pac. 481.)

PRACTICE, COURTS OF APPEALS—*Pleadings and Evidence—State-
ments of Counsel.*  Under the instructions, which are not com-
plained of, the issues for determination by the jury were those
arising only upon the pleadings and the evidence introduced, and
therefore certain statements of the plaintiff's counsel as to the
contents of the petition cannot be regarded by this court in deter-
mining whether the verdict is supported by the evidence.

Error from Marion district court; O. L. MOORE,
judge. Opinion filed March 20, 1900. Reversed.

*Keller & Dean,* and *Leland & Harris,* for plaintiff in
in error.

*King & Kelley,* for defendant in error.

---

*Petition for order to certify denied by supreme court May 4, 1900.
—REP.

The opinion of the court was delivered by

MILTON, J. : This controversy is between William Scully, plaintiff below, as landlord, and Robert Smith, defendant below, as tenant. Under the pleadings as they stood after various amendments, the charges and credits on account of rentals of lands leased by the plaintiff to the defendant during a period of twelve years were involved. The correctness of the debit side of the rental account as kept by the plaintiff was admitted by the defendant in one of the answers. The petition contained a long list of credits for pay-ments made by the defendant, and the defendant spe-cially admitted in his answer '' that he made payments to the plaintiff as in said petition alleged,'' and he claimed certain additional credits which were sepa-rately set forth in the answer. The plaintiff claimed judgment against the defendant in a sum exceeding $1600, while the defendant asked for judgment against the plaintiff in the sum of $1200. A jury trial resulted in a verdict and judgment in favor of the defendant for costs.

The record shows a case which should have gone to a referee instead of a jury. But the problem consid-ered by the jury was simple compared with the one discussed by counsel in their briefs. The growth of the problem in complexity is accounted for by the evi-dent lack of harmony between the admissions of the petition and the statement by one of the plaintiff's counsel to the jury of the matters admitted by the petition. The defendant has sought in his brief to gain an important advantage by holding the plaintiff to the admissions made by both his counsel and his petition. The writer of this opinion has spent many hours in an earnest effort to reach a conclusion math-

ematically and legally correct on the basis presented by counsel for defendant in error.   While the calculations made on this basis have shown a slight balance in favor of the defendant, we have nevertheless concluded that he is not entitled to the judgment in his favor.   A critical examination of the instructions given to the jury shows that the issues presented for their determination were those arising only upon the pleadings and upon the evidence introduced.   The instructions make no mention of the admissions of plaintiff's counsel, but state that the defendant "admits all of the credits which are given to him in plaintiff's petition, and in addition to these credits he makes claim for the following additional credits, which he alleges that the plaintiff has not given the credit for, but which he claims to have paid and to be entitled to." [Here follows a list of the credits claimed in the answer.]

It is evident that the jury found against the plaintiff's allegations as to the settlements at various times of the rental accounts, for otherwise a verdict could not have been in favor of the defendant on any theory. It follows that all credits given by the plaintiff as "abatements," based on the alleged settlements, are eliminated from our consideration.   Allowing the defendant credit in the sum of $350 for the wire fence, the abatement of $150 must be eliminated, for the reason that the evidence shows clearly that the item of $150 was a part of the consideration for the fence. It is our opinion that the admission in respect to the payment of taxes was binding on the plaintiff in the trial of the case.   Whether or not such admission will be binding in another trial will be governed by the rule laid down in *Central Branch U. P. R. Co. v. Shoup*, 28 Kan. 394.   The verdict and judgment in favor of

the defendant are erroneous, for the reason that, under the instructions, the evidence in the record entitles the plaintiff to recovery. The judgment of .the district court is reversed and the cause remanded for a new trial.