Smith v. Scully.

ROBERT SMITH v. WILLIAM SCULLY.

No. 12,876.   (71 Pac. 249.)

66   139
66   266

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Reference.* A compulsory reference may be made of a case. which requires an examination of mutual accounts between the contending parties.

2. ——— *Claim of Settlement will not Prevent Reference.* The fact that one of the parties to the account claims that some of the items embraced in it have been settled, which claim the other denies, will not prevent a reference and determination of all the dealings with one another, including any incidental settlements of portions of the account.

3. LANDLORD AND TENANT—*Tax-roll as Evidence.* The tax-roll completed by the county clerk and placed in the hands of the county treasurer for the collection of taxes is competent evidence in a controversy between landlord and tenant to show the amount of the taxes levied on leased lands, which the tenant had agreed to pay.

4. EVIDENCE —*Transcribed Testimony of Witness at Former Trial.* Testimony given on a former trial by a witness who afterward removed to another state, and is beyond the jurisdiction of the court, may be received in evidence, and, where it was taken by the official stenographer who had made and placed a transcript of his notes in a case-made for review, it may be shown by such transcript where the official stenographer testifies that he has examined the transcript and found it to be a correct and true translation of the evidence given by the witness.

Error from Marion district court; O. L. MOORE, judge. Opinion filed January 10, 1903. Affirmed.

*R. L. King*, for plaintiff in error.
*Keller & Dean*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Two actions which William Scully had brought against Robert Smith, to recover unpaid rentals for farming lands, were, by order of the court, consolidated. In the consolidated case an amended petition was filed, which included numerous items of charges and credits covering a period of twelve years. It was averred that there had been settlements between the parties of many of the items, but the accounts for rents and taxes for nearly three years were not included in any of the settlements. The answer of the defendant denied the settlement of any portion of the accounts, and, while admitting the items of credit in the account alleged by the plaintiff, he set up a large number of additional payments and credits, running from 1882 until 1895. They included payment of rents and taxes, credits for donations made and accepted, for wire fencing furnished, and for ditching done. He also answered that the credits in the accounts between the parties exceeded the charges during portions of the time the account was running, and he therefore asked that the plaintiff, Scully, account to him for interest on the surplus credits, amounting to $580.

The first trial of the case resulted in a judgment for the defendant, Smith, which was reversed by the court of appeals. (*Scully v. Smith*, 9 Kan. App. 823, 60 Pac. 481.) When the case was remanded for an-

other trial, Scully asked that it be sent to a referee, on the ground that an examination of mutual accounts was required, and because the court of appeals had suggested that it was a proper case for reference. The application was allowed; and the findings of the referee were in favor of Scully, as was the judgment of the trial court.

The first objection made here is that it was not a case for compulsory reference. It is said that such a reference is not permissible where the accounts are stated or have been settled. There would be force in the claim if nothing had been submitted for trial except the settled portion of the account, but the issues were not so limited by the pleadings. While plaintiff below alleged that there had been several settlements of accounts, the petition, as we have seen, included items of accounts extending over a period of three years, of which no settlement was claimed by either party. Again, the answer of the defendant not only denied settlements, but set up a long account embracing numerous items of credits and charges involved in the transactions alleged by the plaintiff to have been settled, as well as some that were not. In that way the defendant himself asked for an examination of mutual accounts, and the statute provides that where such an examination is necessary a reference without consent may be made. (*Williams v. Elliott*, 17 Kan. 523; *Galbraith v. McCormick*, 23 id. 706.) The fact that one of the parties to an account claims that a portion of it has been adjusted, which claim the other denies, will not prevent a reference and determination of the entire account, including any incidental settlements of portions of the same. It was not necessary for the referee to find specially upon items found to have been previously settled by the parties.

As Smith had agreed to pay Scully, as part of the rent for leased lands, the taxes levied against such lands for a number of years, it became necessary to prove the levy of such taxes. For this purpose, the tax-rolls from the county treasurer's office were offered in evidence. An objection was made that the tax-rolls were not the best evidence. The contention appears to be that it was necessary to show the original steps taken in making the assessments, and in the extension of the levies for all purposes against the property. This might have been necessary if the issue had been joined as to the validity of the assessments and tax proceedings, but it certainly is not necessary in order to establish the amount of taxes levied against the land, which was only an incident in the determination of the issues joined in this action. The tax-rolls are the original extensions of the levies made by the proper authorities, and include state, county, township and school taxes. The computations and extensions, having been officially made, will be presumed to have been correctly made, and for the purposes of this case are the best evidence of the amount of taxes levied against the land.

There is complaint of the admission of testimony given upon the former trial by witnesses who have since gone out of the jurisdiction of the court and reside beyond the limits of the state. The official stenographer who took the testimony, and who made and placed a transcript of the same in a case-made for the court of appeals, was called as a witness, and, after he had examined the transcript which he had previously made, testified that he had compared it with his notes and had found it to be correct and a true translation of the testimony given upon the former trial. His translation of the testimony of the

absent witnesses, as found in the case-made, was then read to the jury over the objection of the defendant. Within the rules laid down in *Gilmore v. Butts,* 61 Kan. 315, 59 Pac. 645, and *Railroad Co. v. Osborne,* 64 id. 187, 67 Pac. 547, the testimony was admissible. The original stenographic notes would have been competent evidence, it is true, but the notes so taken by the official stenographer could only be made known to the court by a translation of the same. The official stenographer who took the notes having testified that the translation made by himself and written out was correct, it is certainly as reliable as if he had read the testimony from the notes. We have reexamined the question of the admissibility of the evidence as determined in the cases last cited, and, although judicial opinion upon the same is not unanimous, we are satisfied that the decision previously made is well sustained by both reason and authority.

We find no error in the record and, therefore, the judgment of the district court will be affirmed.

All the Justices concurring.