D. D. WILMOTH, *Appellant*, v. C. H. WHEATON, *Appellee*.

No. 15,864.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Stenographic Notes.* The provisions of section 1 of chapter 494 of the Laws of 1905 do not constitute a restriction of the use to be made of stenographic notes in a *nisi prius* trial, but are an extension of such use.

2. ———— *Testimony Given at a Former Trial—Stenographic Notes.* To reproduce the testimony of a witness who has died or is absent from the jurisdiction of the court and who has testified to the fact in issue on a former trial it is not error to permit the court stenographer to translate and read his stenographic notes of such evidence in the hearing of the jury, instead of requiring that the notes be transcribed and certified.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 6, 1909. Affirmed.

*R. E. Cullison, R. N. McMillan,* and *Chris Ritter,* for the appellant.

*Baxter D. McClain,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant brought suit before a justice of the peace in Allen county against the appellee to recover damages for injury to his team and wagon resulting from a collision between the team and an automobile. By appeal the case was taken to the district court, where it was tried to a jury three different times. The first trial resulted in a hung jury, the second in a small verdict for the appellant, which was set aside by the court and a new trial granted, and a third trial resulted in a verdict for the appellee. To correct alleged errors in the last trial the appellant brings the case here.

The only issue of fact tried in the case was whether or not the appellee was the owner and occupant of the automobile involved in the collision. A number of witnesses undertook to identify the appellee as the driver of the automobile at the time of the collision, and a larger number, including himself, testified to an alibi for him, and a number testified that his automobile was at the time of the collision in a garage, knocked down and in no possible condition for use.

The only error complained of on the trial is the ruling of the court permitting the reading by the stenographer of his stenographic notes of the testimony of two witnesses taken at a former trial, and the objection made in each case was that the notes had not been transcribed and certified to by the court stenographer as required by law. As to one of the witnesses it was admitted that he had been subpœnaed, but at the time of the trial was out of the county; as to the other, there was testimony that at the time of the trial he was in St. Louis, and it does not appear whether or not any diligence had been exercised to have him in court. However, there is no objection as to either witness that such diligence had not been exercised.

The only question, then, presented is whether sec-

tion 1 of chapter 494 of the Laws of 1905 is a limitation upon the use of the stenographic notes of court stenographers to a written transcript of the notes certified or verified by the affidavit of the stenographer as a true transcript.  Prior to the enactment of chapter 189 of the Laws of 1885, which authorized the appointment by district courts of court stenographers, the only method of securing the evidence which had once been given in court by a witness who had afterward died was to call witnesses who had been present and heard his testimony on the former trial; and if a witness had departed from the jurisdiction of the court after the former trial his evidence might be reproduced in the same manner. After the appointment of stenographers in the district courts (the courts recognizing that the notes of a stenographer taken at the time were probably more accurate than the memory of any witness who may have heard the words repeated) the practice was to have the stenographer sworn as a witness and to have him read his notes in aid of his memory, the fiction being generally maintained that like other witnesses he must speak from memory.  Experience having demonstrated the impartiality and almost absolute accuracy of the notes of court stenographers, the legislature enacted chapter 494 of the Laws of 1905, section 1 of which reads as follows.

"That the transcript of notes of any duly appointed court stenographer of any proceedings taken by such stenographer in any court of record in the state of Kansas which shall thereafter be transcribed by such stenographer, and thereafter verified by his affidavit as being a full and true transcript of the notes taken by him at any trial or other legal proceeding before such court of record, or certified by him to be a true copy of all the evidence of any witness or witnesses used and examined in any such legal proceedings before a court of record, may be introduced in evidence by any party desiring to use the same under like circumstances and with like effect as the deposition of such witness or witnesses."

The appellant contends that this act is a limitation upon the use of such notes, and that the provision for one method of use excludes all others. We can not consent to this construction of the act. It was evidently enacted as an extension of the use of stenographers' notes, and not as a limitation upon such use. Technically, of course, the word "transcribe" means to write across or over; as generally used it means to reduce to writing. The stenographer has mentally to translate his notes before he can transcribe them. His translation can be as accurately expressed by him in words as in writing, and he is of course sworn correctly to translate his notes, which should be as binding upon his conscience as his certificate to notes transcribed, especially as the stenographer usually has no interest to report otherwise than accurately.

Also, it is contended that it is not to be presumed that the legislature enacted a futile provision which the above section would be if it made no difference in the method of producing evidence. It is sufficient to say it is not futile. The transcript of the evidence may be used in various ways in courts other than upon *nisi prius* trials, and section 1, supra, is an extension of its use in such trials, as the transcribed notes may be used even in the absence of the stenographer, if certified by him.

The court committed no error in allowing the reading of the notes, and the judgment is affirmed.