## OKLAHOMA RY. CO. v. BOLES.

### No. 1413.   Opinion Filed January 16, 1912.

#### (120 Pac. 1104.)

1. **EVIDENCE—Transcript of Stenographer's Notes—Admissibility.** The requirement of sec. 4548 of Wilson's Rev. & Ann. St. (sec. 5881, Comp. Laws 1909) that every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial, does not apply to the transcript of a stenographer's notes referred to in sec. 7 of article 1 of chapter 23, Wilson's Rev. & Ann. St. (sec. 1942, Comp. Laws 1909), which provides for the filing of stenographer's notes with the clerk of the court, and that the same shall be a part of the record, and that "any longhand transcript of notes so filed and duly certified by the reporter * * * shall be admissible as evidence in all cases of like force and effect, as testimony taken in the cause by deposition, and subject to the same objection."

2. **SAME—Documentary—Stenographer's Notes.** Sec. 7, art. 1, c. 23, of Wilson's Rev. & Ann. St. (sec. 1942, Comp. Laws 1909), making the transcript of the notes of a court stenographer evidence in a case in the same way as a deposition, does not, by implication, prevent such stenographer from testifying as to what was the evidence of a witness at a former trial, as shown by his notes.

3. **CARRIERS—Injury to Passengers—Contributory Negligence.** It is not contributory negligence per se for a person to alight from a moving street car, and the question of whether the person so alighting is guilty of contributory negligence depends upon the rate of speed, the place, and other circumstances.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by Lettie M. Boles against the Oklahoma Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Shartel, Keaton & Wells,* for plaintiff in error.

*Thorp & Thorp,* for defendant in error.

Opinion by ROSSER, C. This was a suit by Lettie M. Boles against the Oklahoma Railway Company for damages for per-

sonal injuries alleged to have been sustained as she was alighting from one of defendant's cars on Main street in Oklahoma City. Upon the trial of the case, the defendant offered in evidence the stenographer's transcript of the testimony of J. W. Hopkins and J. C. Bernard, taken at a former trial of the same case. The evidence showed that Hopkins was the motorman on the car at the time of the accident, and also showed that he was a nonresident of the state at the time of the trial, and that his presence at the trial could not be had.

Plaintiff does not question the materiality of his testimony. The court excluded the transcript of his testimony upon the ground that the transcript was not filed one day before the trial, as required by section 5881, Comp. Laws 1909, with reference to depositions. This action of the court was error. Section 1942, Comp. Laws 1909, provides that:

"The shorthand reporter shall file his notes taken in any case, with the clerk of the court in which the cause was tried, and the same shall be a part of the record in the cause. Any longhand transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence, in all cases of like force and effect, as testimony taken in the cause by deposition, and subject to the same objections." .

It was not the purpose of this statute to require the transcript to be filed one day before the trial as depositions are, but merely that the competence of the evidence should be subject to the same objections as evidence taken upon deposition. The notes were filed and were a part of the record in the case. The official stenographer by transcribing them merely made them intelligible. That could be done at any stage of the proceeding. The third section of the statute of Vermont, with reference to stenographers, provided for the filing with the clerk within a time fixed of all evidence and proceedings in all cases directed by the presiding judge, and the furnishing of copies to any parties interested. The fourth section provided that such transcripts in cases ordered to be reported by the presiding judge duly certified by the reporter should be received in evidence in any cause where the subject-matter would be admissible under rules of evidence. Laws 1878, No. 44. In *Bridgman v. Corey's Estate,* 62 Vt. 1, 20

Atl. 273, it was held that the transcript of the evidence in a former trial, made by a stenographer, was admissible though not filed nor ordered by the judge. In the course of the opinion, after quoting the statute, Royce, C. J., said:

"There can be no doubt as to the object and purpose of the statute above referred to. It was to preserve the proceedings and evidence in causes in a manner and form that would be authentic and certain, as well as to expedite the transaction of business by the court, and for the benefit of those who might be interested in the proceedings. With that purpose in view the reporter was made an official of the court, to be sworn before entering upon his duties, and made responsible for the correctness of his reports, and the copies made by him, and certified to be correct. His duties are prescribed by the statutes providing for his appointment, and, while acting in the discharge of his duties, he is acting under the order of the court making the appointment. He is required to furnish a copy of his notes to any party interested, and upon request and the payment of fees. The fact that it might have been made under a special order of the court was not intended to affect the question of its admissibility as evidence, and to make its admissibility depend upon such an order would, in our judgment, be contrary to the spirit and the intent of the law."

The reason which requires the filing of the deposition one day before trial has no application to the transcript of testimony made by the stenographer. In the case of a deposition, it is necessary that it should be on file so that all parties can examine and see whether it is the testimony that was actually given by the witness, and also whether or not it is properly certified and transmitted in the proper way. The deposition not having been taken before the court, but before an official usually chosen by one of the parties, it is necessary that all matters of form in connection with its taking should be strictly complied with and carefully scrutinized. But the stenographer is an officer of the court, chosen by the judge of the court rather than the parties, and his notes are on file with the clerk, and may be referred to to disprove the correctness of his transcript. The statute makes the filed notes a part of the record, and being the record, though to most people in an unintelligible form, a transcript from them is a transcript

from the record just as the transcript of any other record would be. It is not necessary to refile the transcript so made, where the original notes have been on file.

When the transcript was excluded, the defendant offered the stenographer, who took the testimony of the absent witness, to prove what the testimony was by reading from his shorthand notes. The court also excluded this testimony. In the case of *Wilmoth v. Wheaton,* 81 Kan. 29, 105 Pac. 39, it was decided by the Supreme Court of Kansas that the statute of that state which provides:

"That the transcript of notes of any duly appointed court stenographer of any proceeding taken by such stenographer in any court of record in the state of Kansas which shall thereafter be transcribed by such stenographer, and thereafter verified by his affidavit as being a full and true transcript of the notes taken by him at any trial or other legal proceeding before such court of record, or certified by him to be a true copy of all the evidence of any witness or witnesses used and examined in such legal proceedings before a court of record, may be introduced in evidence by any party desiring to use the same under like circumstances and with like effect as the deposition of such witness or witnesses"

—was enacted as an extension to the use of stenographer's notes, and not as a limitation upon such use, and that it was proper for the trial court to permit the stenographer to read his stenographic notes of the testimony of witnesses taken upon a former trial. See, also, *Thiede v. Utah Territory,* 159 U. S. 510, 16 Sup. Ct. 62, 40 L. Ed. 237; *Dady v. Condit,* 104 Ill. App. 507; *Smith v. Scully,* 66 Kan. 139, 71 Pac. 249; *Wright v. Wright,* 58 Kan. 525, 50 Pac. 444. Even though plaintiff was correct in the contention that the transcript was incompetent because not filed one day before trial, yet it was certainly competent to prove by the stenographer's notes the testimony of the witness at a former trial (the stenographer being present and ready to testify as to the correctness of the notes) under the rule that a witness may testify concerning memoranda made by him, which he knows to have been correct at the time it was made,

though he has no independent recollection of the facts stated in the memoranda.

It is not necessary to notice all the other assignments of error, but, in view of the fact that there must be another trial, it is necessary to notice the assignment with reference to the instruction of the court.

The court instructed the jury, in substance, that alighting from a moving car was not contributory negligence *per se,* and that the question whether or not alighting from a moving car was negligence depended upon the circumstances of each case, and depended upon whether the danger was so obvious that a prudent person would not have made the attempt under like circumstances, and told the jury that in passing upon the question they should take into consideration the rate of speed the car was moving, the place where the accident occurred, and the other circumstances. This was not error. It is not necessarily negligence for a person to alight from a moving car, and as to whether or not such an act constituted negligence depends upon the circumstances. In *Carr v. Eel River & E. R. Co.,* 98 Cal. 366, 33 Pac. 213, 21 L. R. A. 354, the court said:

"The earlier cases in many instances recognized the principle of negligence *per se* in alighting from a moving train, but modern authority to a great extent has supplanted that doctrine with broader views upon the question."

See, also, *St. Louis, Iron Mt. & Southern Ry. Co. v. Person,* 49 Ark. 182, 4 S. W. 755; *Central Ry. & Banking Co. v. Miles,* 88 Ala. 256, 6 South. 696; *L. & N. Ry. Co. v. Crump,* 119 Ind. 542, 21 N. E. 31, 12 Am. St. Rep. 443; *Omaha St. Ry. Co. v. Craig,* 39 Neb. 601, 58 N. W. 209; *New Jersey Traction Co. v. Gardner,* 60 N. J. Law, 571, 38 Atl. 669; *Crissey v. Hestonville, etc., Ry. Co.,* 75 Pa. 83; *Brown v. Seattle City R. Co.,* 16 Wash. 465, 47 Pac. 890; *Conley v. Forty-Second St. R. Co.,* 2 N. Y. Supp. 229.

The defendant complains that the court neglected to instruct the jury upon the theory of the plaintiff that the car had stopped the second time when she attempted to alight, and that her fall was caused by its sudden stopping as she was in the act of alight-

ing. · No request appears to have been made to the court to instruct upon this theory, and therefore no one is entitled to complain of his failure to so instruct.

For the error in excluding the testimony of the witness Hopkins, the case should be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concur.