Driver License — Revocation — Hearing — Transcribed Neither a tape recording nor the shorthand notes of a stenographer come within the clear meaning of "transcribe" in 47 O.S. 754 [47-754] (1968). A longhand or typewritten copy of a tape recording or a stenographer's shorthand recording would satisfy Section 47 O.S. 754 [47-754]. The Attorney General has had under consideration your letter dated October 22, 1968, wherein you ask, in effect, whether a tape recording or a record made in shorthand by a stenographer would satisfy the requirement in 47 O.S. 754 [47-754] (1968), that hearings be "transcribed". Title 47 O.S. 754 [47-754] (1968), provides: "Upon the written request of a person whose privilege to drive has been revoked or denied the Oklahoma Commissioner of Public Safety shall grant the person an opportunity to be heard within ten days after the receipt of the request, but the request must be made within thirty days after the revocation. The hearing shall be before the Oklahoma Commissioner of Public Safety or his authorized agent, in the county wherein the alleged events occurred for which the person was arrested, unless the Oklahoma Commissioner of Public Safety or his authorized agent and the person agree that the hearing may be held in some other county. The hearing shall be transcribed and its scope shall cover the issues of whether the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test or tests. Whether the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test or tests shall not be an issue. The Oklahoma Commissioner of Public Safety or his authorized agent shall order either that the revocation or denial be rescinded or sustained." (Emphasis added) The court in the case of Wilmoth v. Wheaton, 81 Kan. 29,105 P. 39 (1909), in the third paragraph of its syllabus held: "Technically the word `transcribe' means to write across or over. As generally used, it means reduced to writing. . . ." Webster's New International Dictionary (G. C. Merriam Co. 1963), p. 2426 defines "transcribe" thusly: ". . . to make a written copy of . . . to make a copy of in longhand or especially on a typewriter (taking dictation in the mornings, transcribing correspondence in the afternoons) . . . to read aloud . . . to reproduce in writing by more or less exact quotation . . . to write down . . ." Premises considered, it is the opinion of the Attorney General that neither a tape recording nor the shorthand notes of a stenographer come within the clear meaning of "transcribe" in 47 O.S. 754 [47-754] (1968). However, it is further the opinion of the Attorney General that a longhand or typewritten copy of a tape recording or a stenographer's shorthand recording would satisfy 47 O.S. 754 [47-754] (1968). (Reid Robison)