**MISSOURI, K. & T. RY. CO. v. WILKINS (two cases).**

Nos. 17593, 17594. Opinion Filed April 12, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

**Action—Causes of Action for Personal Injuries not Litigable in Suit to Enjoin Prosecution of Actions Therefor in Another State.**

Where plaintiffs sought by injunction to prevent the defendants from prosecuting suits for personal injuries in the courts of Missouri for causes of actions arising in Oklahoma, held, that defendants could not litigate their causes of actions for damages in the injunction suits.

Error from District Court, Payne County; C. C. Smith, Judge.

Actions by the Missouri, Kansas & Texas Railway Company for injunction against John E. Wilkins and Irma (or Rosa) Wilkins. Judgments for defendants on their cross-bills asking damages for personal injuries, and plaintiff brings error. Reversed and remanded, with directions.

M. D. Green, John E. M. Taylor, and Eric Haase, for plaintiff in error.

G. L. Grant and F. P. Sizer, for defendants in error.

HEFNER, J. These suits were commenced by the Missouri Kansas & Texas Railway Company, plaintiff in error herein, in the district court for Payne county, Okla., against the defendants in error herein, defendants, for an injunction against the prosecution by the defendants in the state court at Nevada, Mo., of two certain damage suits brought by them for personal injuries received by said defendants and for the destruction of their automobile in a grade crossing accident at Cushing, Okla., wherein they and their automobile were struck by one of plaintiff's trains at Moses street crossing in Cushing, Okla.

Plaintiff in its suit for injunction, among other things, alleged that these suits were brought in Missouri to avoid a trial in Oklahoma, where the cause of action arose, and to put the plaintiff to extra expense of trial in Missouri, in that the witnesses were more accessible to Oklahoma than Missouri, and that plaintiff could not legally compel personal attendance of its witnesses in Missouri, and that it had no adequate remedy at law.

Hearing was had and a temporary injunction ordered issued in each case, bond was given, and on final hearing the temporary injunction was made permanent and no appeal has been taken by the defendants therefrom.

The defendants, however, appeared in the equity suits and filed answer and by way of cross-petition set up claims for damages for their personal injuries and for the destruction of their automobile; alleging that they were entitled to damages because plaintiff was guilty of negligence in running its train at an excessive rate of speed and in violation of provisions of ordinances, and without giving warnings or signals, and by permitting a ball park, fence, and grandstand to be maintained on its right of way partially obstructing the view, and in failing to have a flagman, gates, or bells at the crossing.

The plaintiff filed its motion to dismiss said cross-petition on the ground that:

* * * The subject-matter of said cross-bill does not come within the provisions of sections 273, 274, and 275 of the Compiled Statutes of Oklahoma, 1921, nor of any other provisions of the statutes covering procedure of this character, but that said cross-bill sets up purely an action at law, triable only in a court of law to a jury, while the bill in equity filed by the railroad company herein is purely a suit in equity for an injunction."

These motions were overruled by the court and exceptions saved. Plaintiff then filed its answer to the cross-bills and the two cases were consolidated and tried together and judgment rendered in favor of John R. Wilkins in the sum of $14,740, and Erma Wilkins in the sum of $7,500, from which judgments appeals have been properly perfected to this court.

Plaintiff alleges many errors in the trial of said cause, and among them the overruling of plaintiff's motion to dismiss defendants' cross-bills and in taking equity jurisdiction thereof. Whether or not the court committed error in overruling plaintiff's motions to strike the cross-bills of defendants must necessarily depend upon the construction given the statutes of Oklahoma.

It is true that the Oklahoma statutes abolished the distinction of cases at law and suits in equity. However, in the case of Mathews v. Sniggs. 75 Okla. 108, 182 Pac. 703, Mr. Justice Sharp, speaking for the court, said:

"While section 4650, Rev. Laws 1910, abolishes the distinctions between actions at law and suits in equity, and the forms of all such actions and suits, the essential and inherent principles of legal and equitable rights and legal and equitable remedies remain as before ; the Code provision not being intended to produce any alteration of, nor direct effect upon, the primary rights, duties, and liabilities of persons created or recognized either in law or equity."

The defendants have no greater rights than those given by our statutes, and sections 273, 274. and 275, C. O. S. 1921, fully cover the matters that may be pleaded by way of answer. counterclaim, set-off, or right of relief.

Section 273 provides that the answer may contain any new matter constituting a defense. counterclaim, or set-off. or a right of relief concerning the subject of the action. The only question raised in plaintiff's petition was whether or not the defendants had the right to maintain the suits in Missouri when the cause of action arose in Oklahoma. A suit sounding in damages could

in no manner be a counterclaim or a set-off to the action as to whether or not the suits could be so maintained.

Section 274 provides:

"* * * The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof or settlement of the question involved therein. * * *"

Again, the answer is that the only question raised in plaintiff's petition was the right to maintain the suits in Missouri, and this section therefore could not apply.

Section 275 provides:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

It is clearly apparent that this section does not apply in the cause of action before us.

The only question raised by the plaintiff in its petition for injunction was whether or not the defendants could maintain their damage suits in Missouri. The petition did not question the right of the defendants to recover on their causes of action, which occurred in Oklahoma. That question nowhere was raised in the petition for injunction.

There are no Oklahoma cases directly in point, and our statutes have therefore never been directly construed, but it seems to us that under the statutes the defendants could hardly have the right by way of cross-bills to litigate their claim for damages in the injunction suits.

We therefore hold that the court committed error in not sustaining the motion of plaintiff to dismiss defendants' cross-bills, and the cause is therefore reversed and remanded, with directions to dismiss the cross-petitions.

BRANSON, C. J., MASON. V. C. J., and PHELPS and LESTER. JJ., concur.

Note.—See under 1 C. J. p. 1050, §180.