## COSDEN PIPE LINE CO. v. VOSS.

No. 23554.    Feb. 26, 1935.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, J. P. Greve, and W. M. Bowles, for plaintiff in error.

Cress & Tebbe, for defendant in error.

WELCH, J. Plaintiff brought this action for injunction to restrain the defendant from the wrongful use of armed force in opposition to plaintiff's removal of its pipe line.

Plaintiff laid its pipe line over farm lands owned by defendant, pursuant to the terms of right-of-way grant executed by defendant. Several years later, plaintiff began the removal of the pipe line. Defendant objected to the plantiff going on his premises for that purpose, and threatened to use armed force to prevent such action of the plaintiff. Plaintiff brought this action to enjoin such wrongful use of force.

The defendant by cross-petition sought to recover a money judgment for damages alleged to have resulted to his crop, fence, and lands in the laying of the pipe line. Plaintiff's motion to dismiss cross-petition and demurrer thereto were overruled.

Upon final trial plaintiff's right to injunctive relief was fully sustained, and the trial court rendered judgment for the defendant for damages. The trial judge expressed the view that if plaintiff's objection to the cross-petition had been presented to him in the first instance, he thought it merited sustaining, but since the motion and demurrer had been passed on by his predecessor, that he should not disturb the ruling, but should proceed with the trial.

The right-of-way grant contained ample provisions authorizing plaintiff to remove its pipe line at any time. While the right-of-way grant also provided for the payment to defendant of damage caused to his crops or land, the defendant had no right by armed force or threat of such wrongful action to prevent the removal of the pipe. It is not seriously contended otherwise. And

this is true, whether or not the defendant had any meritorious claim for damages.

It is suggested that defendant's claim for damages is barred by the statute of limitation on account of the long lapse of time between the dates of the alleged damage and the date of the filing of cross-petition, and, while that contention appears to have merit, it is not necessary that we fully consider or determine the question here.

In an action such as the one at bar, where the plaintiff merely seeks an injunction to restrain the wrongful and illegal use of armed force and threatened violence, our procedure nowhere authorizes a cross-petition for a money judgment for damages. The defendant cites no authority sustaining the right to so cross-petition in such an action, and such right seems effectively denied by the rule of Missouri-Kansas & Texas Ry. Co. v. Wilkins, 125 Okla. 150, 256 P. 910.

In Wheeler v. West (Cal.) 20 P. 45, and Brownlee v. Warmack (Ga.) 17 S. E. 102, actions for injunction, the defendant's cross-petitions setting up demands for money judgment for damages were held properly stricken by the trial court.

The judgment of the trial court was correct in sustaining plaintiff's right to injunctive relief, but was in error in permitting defendant to maintain his cross-petition, and in rendering a money judgment for the defendant for damages.

The cause is reversed and remanded, with directions to render judgment for the plaintiff.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.