## GENERAL MOTORS CORPORATION v. JONES.

No. 27345. Nov. 16, 1937.

Rehearing Denied Dec. 21, 1937.

Application for Leave to File Second Petition for Rehearing Denied July 5, 1938.

Keaton, Wells, Johnston & Barnes and Darnell, Gibson & Loving, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

PHELPS, J. General Motors Corporation, plaintiff in error here, filed its action in the district court of Custer county praying for injunctive relief only, against H. G. Jones, doing business under the firm name and style of Jones Motor Company. The object of plaintiff's action was to enjoin defendant from displaying on his garage in Clinton, Okla., and otherwise using and displaying, certain trade-marked symbols or emblems owned by plaintiff. No other relief was prayed for. Defendant filed his answer and "counterclaim" in which he alleged that he had sustained a large amount in damages because of cancellation of his dealership contract to handle and sell the Chevrolet automobile.

Plaintiff filed its motion to strike from defendant's answer and counterclaim the allegations by which defendant sought to recover a money judgment in damages, and at all stages of the proceedings challenged defendant's right to litigate his claim for damages in a suit brought by plaintiff wherein only injunctive relief was sought. This motion and contention was overruled by the trial court. The trial resulted in a judgment for plaintiff for permanent injunction as prayed for in its petition, and a verdict of a jury and judgment thereon in favor of defendant on his cross-petition in the sum of $10,000, and plaintiff prosecutes this appeal therefrom.

Plaintiff contends that the trial court erred in permitting defendant, over plaintiff's objection, to prosecute his action for damages on his counterclaim in an equity case wherein plaintiff prayed for no relief except injunction. This contention was upheld by this court in Missouri, Kansas & Texas Ry. Co. v. Wilkins, 125 Okla. 150, 256 P. 910. In that case Wilkins brought suit in the state of Missouri for damages alleged to have been sustained in a crossing accident in Oklahoma. The railroad company brought suit in the district court of Payne county, Okla., to enjoin Wilkins from prosecuting his claim against the railroad company in the state of Missouri. Wilkins filed his cross-petition and recovered judgment against the railroad company, and in reversing the judgment, in the syllabus, we said:

"Where plaintiff sought by injunction to prevent the defendants from prosecuting suits for personal injuries in the courts of Missouri for causes of actions arising in Oklahoma, held, that defendants could not litigate their causes of actions for damages in the injunction suits."

In the body of the opinion we used the following language:

"It is true that the Oklahoma Statutes abolished the distinction of cases at law and suits in equity. However, in the case of Mathews v. Sniggs, 75 Okla. 108, 182 P. 703, Mr. Justice Sharp, speaking for the court, said:

"'While section 4650, Rev. Laws 1910, abolishes the distinction between actions at law and suits in equity, and the forms of all such actions and suits, the essential and inherent principles of legal and equitable rights and legal and equitable remedies remain as before; the Code provision not being intended to produce any alteration of, nor direct effect upon, the primary rights, duties, and liabilities of persons created or recognized either in law or equity.'

"The defendants have no greater rights than those given by our statutes, and sections 273, 274, and 275, C. O. S. 1921, fully cover the matters that may be pleaded by way of answer, counterclaim, set-off or right of relief."

The above sections of our statutes are carried forward in O. S. 1931 as sections 206, 207, and 208.

We followed this rule in Cosden Pipe

Line Co. v. Voss, 170 Okla. 536, 41 P.2d 648, in a case wherein the Cosden Pipe Line Company attempted to remove its pipe line from the premises of Voss where it had previously obtained an easement. Voss prevented such removal by force. Cosden Pipe Line Company filed its action to enjoin Voss from employing force to prevent the removal of the pipe line. Voss filed his counterclaim or cross-petition, upon which he obtained judgment for damages. We followed the rule laid down in Missouri, Kansas & Texas Ry. Co. v. Wilkins, supra, and reversed the judgment. We said:

"In an action such as the one at bar, where the plaintiff merely seeks an injunction to restrain the wrongful and illegal use of armed force and threatened violence, our procedure nowhere authorizes a cross-petition for a money judgment for damages, The defendant cites no authority sustaining the right to so cross-petition in such an action, and such right seems effectively denied by the rule of Missouri, Kansas & Texas Ry. Co. v. Wilkins, 125 Okla. 150, 256 P. 910.

"In Wheeler v. West, 78 Cal. 95, 20 P. 45, and Brownlee v. Warmack, 90 Ga. 775, 17 S. E. 102, actions for injunction, the defendant's cross-petitions setting up demands for money judgment for damages were held properly stricken by the trial court."

Counsel for defendant in error in their brief insist that, inasmuch as section 4, O. S. 1931, provides that:

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and in their place there shall be, hereafter, but one form of action, which shall be called a civil action"

—that Mr. Jones had a right to litigate his claim for damages in this injunction suit. This contention appears to have been answered adversely in the above quotation from Missouri, Kansas & Texas Ry. Co. v. Wilkins, supra. They also contend that the allegations of plaintiff's petition are such as to take this case out of the rule laid down in the above-cited cases, but in view of the fact that regardless of the allegations of plaintiff's petition, the only relief prayed for was an injunction in a matter disconnected with the alleged breach of the contract set out in the counterclaim, we are unable to grasp the distinction attempted to be made. As we view it, the facts in the instant case come squarely within the rule laid down in those cases.

There are numerous other questions raised and briefed, but in view of our conclusion herein, it is unnecessary to decide them.

It is therefore our conclusion that the trial court erred in overruling plaintiff's motion to strike the allegations of the "counterclaim". The judgment of the trial court is accordingly reversed.

OSBORN C. J., BAYLESS, V. C. J., and WELCH, GIBSON, HURST, and DAVISON. JJ., concur. CORN, J., dissents. RILEY, J., absent.