## WADE v. HOPE & KILLINGSWORTH et al.

No. 12120—Opinion Filed Feb. 13, 1923.

Rehearing Denied March 20, 1923.

(Syllabus.)

1. **New Trial—Order Overruling Motion Outside of County—Validity.**

An order made by a district judge overruling a motion for a new trial while said judge is in a county other than that in which the case is pending is a nullity, and the parties cannot confer jurisdiction upon said judge by consent.

2. **Appeal and Error—Subsequent Appeals—Change of Decision.**

The courts uniformly hold that an appellate court may review and reverse its former decision in the same case where it is satisfied that gross or manifest injustice has been done by its former decision, or where the mischief to be cured far outweighs any injury that may be done in the particular case by overruling a prior decision.

3. **Judgment—Res Judicata Defensive Matter—Procedure Upon Plea.**

The plea of res adjudicata is a defensive matter and must be pleaded and proved the same as any other defense, and it is error to hear this defense upon a motion to dismiss, after the issues are joined and a question of fact is raised by the pleadings, upon said plea of res adjudicata.

4. **New Trial — Order Overruling Motion Outside of County — Invalidity — Estoppel.**

An order of a court overruling a motion for a new trial made by a judge while outside of the county wherein the action is pending is void, and the plea that one of the parties is estopped from raising said question because he procured said order is not available.

Error from District Court, Stephens County; Cham Jones, Judge.

Proceeding by T. S. Wade against Hope & Killingsworth and others to vacate judgment and order overruling motion for new trial. Proceeding dismissed, and Wade brings error. Reversed and remanded, with instructions.

H. B. Lockett, for plaintiff in error.

Bridges, Vertrees & Anderson, for defendants in error.

McNEILL, J. This proceeding was commenced in the district court of Jefferson county by C. S. Wade against Hope & Killingsworth to vacate and set aside a judgment rendered in said court in favor of defendants and against the plaintiff, and to vacate and hold for naught an order of the court overruling the motion for new trial in the original case, because the order of the court overruling the motion for new trial was made by the judge in a county other than where the case was pending to wit, while the judge was in Grady county.

Numerous pleas were filed by defendants to the petition and overruled, and thereafter an answer was filed containing a plea of res adjudicata and estoppel. To the answer Wade filed a reply in the nature of a general denial. After the issues were thus framed, the case was called for trial. The defendants filed a motion to dismiss the proceedings for the reason the matters attempted to be litigated were res adjudicata. Over the objection of Wade the court heard evidence on the motion to dismiss, and sustained said motion and dismissed the proceeding for the reason the matters pleaded had once been litigated and adjudicated.

From said action of the court, the plaintiff has appealed.

This is the fourth time an appeal has been attempted, for the ultimate purpose of having the original proceedings reviewed by this court. We will therefore refer briefly to the history of the case. Hope & Killingsworth brought suit in the district court of Jefferson county against T. M. Vaughn and T. S. Wade to recover a money judgment. The

jury returned a verdict in favor of plaintiffs and against the defendants. The defendants filed a motion for a new trial. This motion was no doubt passed upon by the district judge while he was holding court in Grady county, or at least Hope & Killingsworth pleaded that fact on the first appeal in this court, and the defendants now plead it as a fact. Wade attempted to appeal from this order overruling the motion for a new trial, his codefendant, Vaughn, failed to join in said appeal, and Wade failed to serve Vaughn with summons on petition in error. The plaintiffs, Hope & Killingsworth, filed a motion in this court to dismiss the appeal upon two grounds, to wit:

(1) That the order overruling the motion for new trial was made by the judge in a county other than that in which the case was pending, to wit, while the judge was in Grady county, and therefore the order overruling the motion for new trial was void and a nullity, and that no appeal would lie from the judgment until the motion for new trial was overruled.

(2) No service of summons of petition in error was had upon T. M. Vaughn, and the judgment being a joint judgment, the appeal was not properly perfected.

This court dismissed the appeal (Wade v. Hope & Killingsworth, 65 Okla. 69, 162 Pac. 742) for the reason that the judgment was a joint judgment, and no summons on petition in error was served on Vaughn. This was the only question decided by this court on that appeal.

Plaintiff, Wade, then filed a petition or motion in the district court of Jefferson county for a new trial and as for grounds set up facts to bring the petition within section 5037, Rev. Laws 1910. The court overruled the petition or motion, and Wade again appealed to this court. This court in the case of Wade v. Hope & Killingsworth et al., 73 Oklahoma, 176 Pac. 402, affirmed the judgment of the lower court overruling the petition for a new trial for the reason the petition for a new trial had not been filed within one year from the date of the final judgment as provided in section 5037, Rev. Laws 1910. Wade then filed a motion in the district court to vacate the order overruling the motion for new trial, and one of the reasons assigned therefor was:

"The order overruling the motion for new trial was made by the judge while in Grady county and outside of the county where the case was pending, and therefore was a nullity."

Hope & Killingsworth filed a motion to strike this motion from the files. The motion to strike was based upon the theory that if the order of the court overruling the motion for new trial was made by the judge while outside of Jefferson county, the plaintiff, Wade, was estopped from alleging said fact for the reason that he procured the order. The court sustained the motion to strike the motion of Wade, and he again appealed from that order to this court.

This court in the case of Wade v. Hope et al., 77 Okla. 62, 186 Pac. 235, dismissed the appeal as frivolous. The opinion of this court upon that appeal is clearly erroneous. The question involved in that case was whether the court erred in striking from the files a motion to set aside an order overruling a motion for new trial for the reason the order was made by the trial judge while outside of the county where the case was pending and therefore void, and if the order was made while outside the county, can estoppel be pleaded against the party procuring said order? Section 5273, Rev. Laws 1910, provides:

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

This court in the case of Eichoff v. Caldwell, 51 Okla. 217, 151 Pac. 860, held in substance that an order made by a district judge in a county other than that in which the case is pending is a nullity, and that jurisdiction could not be conferred by consent; therefore the plea of estoppel is not available. See, also, W. L. Moody & Co., v. Freeman & Williams, 24 Okla. 701, 104 Pac. 30; Releford v. State, 45 Okla. 433, 146 Pac. 27; Baker v. Newton, 22 Okla. 658, 98 Pac. 931.

The question involved in the last appeal was whether the court erred in sustaining the motion to strike from the files a motion to vacate and hold for naught an order made by the judge overruling a motion for a new trial while the judge was outside the county where the case was pending. The order of the judge overruling a motion for a new trial while the judge is outside the county is void. Wade filed a motion to vacate said order. The trial court sustained a motion to strike. That the trial court erred in striking the motion from the files is hardly a debatable question in view of section 5274, Rev. Laws 1910, and the cases above cited. It was the duty of the trial court to sustain said motion if the facts alleged were true, unless there was some other valid reason for denying the same; but there was no defense pleaded. The plea of estoppel pleaded was no defense. This court, upon appeal, in considering the case did not pass upon the question involved, to wit: Was it error to strike

from the files a motion to vacate the void order? but treated the motion as a petition for a new trial as provided in sections 5035 and 5037, Rev. Laws 1910. In this, this court erred, as these sections have no application to the motion to vacate a void order of the court, but the section applicable is section 5274, Rev. Laws 1910.

This court in the case of Wade v. Killingsworth, 77 Okla. 62, 186 Pac. 235, should have reversed the order of the trial court in striking the motion from the files and directed the trial court to pass upon the motion and to determine whether the order overruling the motion for new trial was made by the judge while outside of the county, and if the trial court found that said motion was made by the judge while outside of the county, to sustain the motion. After the mandate was returned in that case, Wade then filed this proceeding seeking to set aside the judgment, alleging that the judgment was obtained by fraud, and again alleged that the judge overruled the motion for new trial while in Grady county, and the court was without jurisdiction to make such an order overruling the motion for new trial and said order was void.

In this proceeding in the district court Hope & Killingsworth, after numerous pleas, filed an answer pleading the former judgment of this court as being res adjudicata. After the issues were settled, Hope & Killingsworth filed a motion to dismiss the case for the reason the matters attempted to be litigated were res adjudicata. Instead of the trial court trying the case upon the issues framed, he proceeded to hear the case upon the motion to dismiss, and after hearing the evidence, over the objection of Wade, sustained the motion to dismiss the action.

The plea of res adjudicata is a defensive plea to an action, and must be pleaded and proved like any other defense. We know of no procedure that will permit a defendant after the issues are made up to file a motion to dismiss the plaintiff's case because the matters had been once litigated. If the pleadings admit the facts, a judgment may be entered on the pleading, but we know of no procedure that permits a defendant to try his defenses upon a motion to dismiss. This procedure is not warranted by the statute or any rules of practice prevailing in this state. The plaintiff, Wade, contends that the order overruling the motion for new trial was made by the judge while outside the county. The defendants Hope & Killingsworth upon the first appeal of this case moved to dismiss the appeal for this reason.

It appears both sides agreed, or have contended during the different proceedings in this case, that the order overruling the motion for new trial was made by the judge of the court while in Grady county. While it is true the courts as a general rule hold that questions decided by the Supreme Court on former appeals become the law of the case in all stages and will not ordinarily be reversed on second appeal, there are exceptions, however, to this rule, which are stated by this court as follows:

"The courts uniformly hold that an appellate court may review and reverse its former decision in the same case where it is satisfied that gross or manifest injustice has been done by its former decision, or where the mischief to be cured far outweighs any injury that may be done in the particular case by overruling a prior decision."

See, also, George v. Connecticut Fire Ins. Co., 84 Okla. 172, 201 Pac. 510; M., K & T. Ry. Co. v. Lenahan, 85 Okla. 290, 206 Pac. 233. We think this case comes squarely within the above rule, and the former opinion of this court in the case of Wade v. Hope & Killingsworth, 77 Okla. 62, 186 Pac. 235, dismissing the case as frivolous was error, and if permitted to stand would be a gross injustice to the plaintiff in error. Whether the order overruling the motion for a new trial was made while the judge was in Grady county is a question of fact, and if so, it was the duty of the trial court to proceed to set the motion for new trial for hearing and pass upon the same while the judge was in Jefferson county. If the court grants the new trial, the case will be set for trial upon its merits. If the court denies the motion for a new trial, the same will be subject to review in this court.

The opinion of this court in the case of Wade v. Hope & Killingsworth, 77 Okla. 62, 186 Pac. 235, dismissing the appeal as frivolous is overruled, and the trial court is ordered and directed to reinstate the motion to vacate the order overruling the motion for a new trial, and to proceed and hear the facts on said motion, and pass upon the same. This motion presents a question of fact. The district court is also directed to overrule the motion to strike said motion, and hear the motion on its merits.

In regard to the appeal in the instant case, it is sufficient to say: That the plea of res adjudicata is a defensive matter and must be pleaded and proved the same as any other defense, and cannot be tried upon a motion to dismiss after the issues are framed and a question of fact is presented for determination on said issue. That the trial court in this proceeding erred in attempting to try the facts in the case upon a motion to dis-

miss and thereby determine whether the plea of res adjudicata was applicable.

The plea of res adjudicata, which was pleaded as a defense, raises the question whether the motion to vacate the order overruling the motion for new trial had ever been passed upon or could have been passed upon by this court. The question was first presented to this court by Hope & Killingsworth upon a motion to dismiss and was not passed upon by this court, nor was it necessary to pass upon this question; therefore the matter was never litigated. The question was not presented on second appeal, nor was it passed upon by this court in that appeal. This court in that appeal treated the petition to vacate a judgment as a petition that came within the provisions of section 5037, Rev. Laws 1910, and such a motion could not be pleaded under that section of the statute. That the filing of a petition under this section of the statute is not a bar to a motion for a new trial or vacating the order as provided in some other section is reflected in the opinion of Philip Carey Co. v. Vickers, 53 Okla. 569, 157 Pac. 299. The question was involved in the third appeal, but this court did not consider the question, however, and dismissed the appeal in an erroneous decision. The question, therefore, have never been litigated except in an erroneous decision by this court where the court did. not consider the same.

The judgment of the trial court is reversed and remanded, with instructions to not only overrule the motion to dismiss this proceeding and proceed and try the case in an orderly manner upon the issues joined if the parties desire, but also to reinstate the motion to vacate the order denying the motion for a new trial in the original case, and to proceed and hear said motion upon its merits, and disregard the opinion in the case of Wade v. Hope & Killingsworth, filed Oct. 21, 1919, reported in 77 Okla. 62, 186 Pac. 235.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur..