## HALL v. MORRIS et al.

No. 14111—Opinion Filed July 24. 1923.

Rehearing Denied Nov. 6, 1923.

(Syllabus.)

**1. Judgment—Res Judicata—Pleading and Proof.**

The plea of res adjudicata is a defensive matter, and must be pleaded and proven the same as any other defense.

**2. Same—Presenting Plea by Motion to Strike Pleading.**

A motion to strike a pleading is not the proper method of pleading the defense of former adjudication.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by S. G. Hall against H. C. Morris and others. From order discharging attachment, plaintiff brings error. Affirmed.

A. R. Garrett, for plaintiff in error.

H. D. Henry, for defendant in error.

McNEILL, J. The plaintiff, S. G. Hall, filed an action in the district court of Greer county against H. C. Morris and B. B. Morris for recovery of a money judgment, and at the same time filed his affidavit for attachment and gave bond. Order of attachment was issued and levied upon a Buick automobile. On July 11, 1922, defendants filed a motion to discharge the attachment alleging the grounds of attachment set out in the affidavit were untrue. On July 15, 1922, the defendants, joined in by C. H. Rutter, filed a motion to quash the levy for the reason Rutter had a mortgage upon the automobile which was unsatisfied, and the plaintiff had not paid the mortgage nor deposited the same with the county treasurer. In September, 1922, plaintiff filed a reply to the motion to quash the levy, denying the facts therein alleged, and pleaded a tender. To this reply the defendants filed an answer denying the tender. On November 24, 1922, a hearing was had upon the motion of Rutter and defendants to quash the levy. The court denied the motion to quash and in the order recited that the motion to quash the levy, dated July 15th, was overruled. On November 28th, the defendants filed an amendment to the motion filed on June 11, denying specially the grounds for the attachment. Plaintiff filed a motion to strike this amended motion: (1) Because the plaintiff had no notice of filing the same; (2) because the motion filed on the 15th day of July, 1922, to quash the levy was overruled; (3) That the amendment was to take the place and substitute the motion filed on July 11, 1922, alleging the defendants had waived the amended motion filed on said date. This motion was overruled. On the 28th day of November, the court heard the evidence on the motion to discharge the attachment and took the case under advisement. On the 2nd day of January, plaintiff filed an amended motion to strike the motion to discharge the attachment, alleging that the attachment had been discharged by the defendants giving a redelivery bond. Thereafter, on the 24th day of January, 1923, the court sustained the motion of defendants to discharge the property attached.

From said judgment, the plaintiff has appealed by filing a transcript, and for reversal contends the court erred in overruling the motion of the plaintiff to strike the amended motion filed by defendants on November 28, 1922. In support of this, the plaintiff in error contends that the order of the court denying the motion to quash the levy filed by Rutter and the defendants was res adjudicata.

This being an appeal by transcript and the evidence not being before the court, the only question for consideration is whether the court erred in refusing to strike the motion to discharge the attachment. It is unnecessary for us to determine whether the order of court overruling the motion to quash the levy was res adjudicata as to the matters pleaded in the motion to discharge the attachment. The plea of res adjudicata is a defensive matter, and must be pleaded and proven like any other defense. See Brisley v. Mahaffey, 87 Okla. 358, 209 Pac. 920; Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 Pac. 961.

The Supreme Court of Kansas, in the case of Atica State Bank v. Benson, 54 Pac. 1037, in the fourth paragraph of the syllabus, stated as follows:

"A motion to dismiss is not the proper mode of raising the question of a former adjudication".

By applying the same principle, a motion to strike is not the proper method of pre-

senting to the court a plea of res adjudicata.

Finding no error in the judgment of the court, the same is affirmed.

JOHNSON C. J.. and KENNAMER, BRANSON, and HARRISON. JJ., concur.