## ADAMS et al. v. STATE ex rel. MOTHERSEAD, Bank Com'r.

No. 18651.   Opinion Filed Nov. 13, 1928.

Hill & Banta, for plaintiffs in error.

Pryor & Stokes, for defendant in error.

HERR, C. This is an action brought by O. B. Mothersead, Bank Commissioner, against W. M. Adams and John W. Sartin to recover on a promissory note. The note is in the sum of $265, and was executed and delivered by defendant Adams to defendant Sartin, and by said defendant indorsed and delivered to the Security State Bank of Shawnee, which bank failed on November 13, 1920, and the note is claimed by the plaintiff as an asset of said bank. It is contended by the plaintiff that defendant Sartin, prior to the failure of the bank, sold and delivered the note in question to the bank, and, as to this defendant, it is sought to recover on his indorsement. The defense was res judicata. The trial was to the court, and resulted in a judgment in favor of the plaintiff. Defendants appeal.

It appears that on June 1, 1920, defendant Sartin executed to the Security State Bank of Shawnee a note in the sum of $8,325.61; on February 20, 1922, and after the failure of said bank, and upon the taking over of its assets, the Banking Department brought suit against the defendant Sartin to recover on said note.

In his answer to this action, defendant Sartin pleaded payment. He further pleaded that, at the time of the execution of said note, he placed with said bank, as collateral security, notes executed and delivered to him by other parties, amounting in the aggregate to $14,122.82; that these notes were collected by said bank, but that it failed to apply the proceeds thereof to his note; and that, by reason of such collections, the note was paid. Upon these issues, the cause was submitted to the jury, who returned a verdict in favor of the defendant, upon which verdict judgment was rendered in his favor.

It appears, however, that after the issues were joined in the former suit, the Federal National Bank of Shawnee became the owner of said note, and was by the court substituted as a party plaintiff, and the suit was thereafter prosecuted in its name, which bank prosecuted an appeal from such judgment to this court. This appeal resulted in an affirmance of the judgment. Federal Nat. Bank v. Sartin. 114 Okla. 244, 246 Pac. 617.

It is contended by defendant in the instant case that the $265 note sued on is one of the notes included in the list of notes set up in his answer in the former suit as having been placed with the bank as collateral security to the note sued on in said cause; that in order to render a verdict in his favor the jury must necessarily have determined that the notes in question were the property of this defendant, and not the property of the bank; that such issue was necessarily involved in that case, and, having prevailed at the trial therein, this identical question cannot again be litigated in the instant suit.

If the facts are as contended by defendant, his plea of res judicata is good. In 15 R. R. L. 976, it is said:

"While this doctrine of the effect of a judgment as an estoppel in subsequent actions is limited to matters involved in the litigation, it is generally held to be equally applicable whether the point decided is, of itself, the ultimate vital point or only incidental, if still necessary to the decision of that point, and a judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties, or their privies, as to those matters necessarily determined or implied in reaching the final judgment, although no specific finding may have been made in reference thereto, and even though it was not raised as an issue by the pleadings in the former action. If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties, and if a judgment necessarily presupposes certain premises, they are as conclusive as the judgment itself, for the judgment is an adjudication on all the matters which are essential to support it."

See, also, Johnson v. Gillett, 66 Okla. 308, 168 Pac. 1031.

It is clear from the record in the former suit that the jury could not have found for the defendant without first having determined that the notes set out by the defendant in his answer in fact belonged to him; that he was the owner thereof, and that the same were by him placed with the bank as collateral security to the note sued on in that case.

The record in the former suit, consisting of the petition, answer, verdict of the jury, and the judgment rendered thereon, was offered in evidence by the defendants. This record does not disclose on its face that the note herein sued on was one of the notes referred to by defendant Sartin in his answer in the former suit, nor does the record on its face show that it was adjudicated in the former suit; that the identical note

here in question was one of the notes deposited with the bank as collateral to the $8,325.61 note sued on in that action. The notes referred to in the answer were not so described that they could be identified by the answer itself.

The defendant offered the testimony of D. G. Hart, one of the attorneys for defendant in the former suit, to prove that the note in question was put in issue in the former suit by the evidence offered in that suit. This evidence was, by the court, excluded. In this it is contended the trial court erred. With this contention we agree.

It is well settled that, under a plea of res judicata, where the record in the former suit does not on its face fully disclose in detail the issues involved in the former suit, parol evidence is admissible in aid of the record to identify the subject-matter of the prior suit, and for the purpose of showing what was involved in the issues and settled by the judgment in the former suit. 15 R. C. L. 1050.

We gather from the record that it was the opinion of the trial court that this proof could only be made by introduction of the original case-made containing the evidence at the former trial, and on this theory it excluded the evidence offered.

Even though we concede, without deciding, that under section 3071, C. O. S. 1921, the original case-made, on proper certification by the court reporter, might have been introduced in evidence to prove the issues involved in the former suit, still this would not be the exclusive method of proving the same. Oklahoma Ry. Co. v. Boles, 30 Okla. 764, 120 Pac. 1104; Wilmoth v. Wheaton (Kan.) 105 Pac. 39. It might have been shown by any competent parol evidence. Counsel who participated in the trial of the former suit could properly testify relative thereto. Solomon R. R. Co. v. Jones (Kan.) 8 Pac. 730; Kendrick v. State (Tenn.) 10 Humphr. 479.

Plaintiff, in his brief, contends and argues that the record admitted in evidence was not properly identified; was admitted over his objection; and that there is, therefore, a total lack of competent evidence to sustain defendants' plea of res judicata, and that the judgment should be sustained on this theory. It is true the record was not identified by the court clerk as the record in the former suit. This identification should have been made prior to its introduction. 15 R. C. L. 1111-13. The objection to the introduction of the record, however, was not urged in the trial court on the ground that the same was not properly identified. The objection there urged was that it was incompetent, irrelevant and immaterial. Counsel cite no authority to the effect that this objection is sufficient to raise the question that the record was not properly identified. We shall, therefore, for the purpose of this case, treat the same as having been waived, and hold that, under the objection made, there was no error in admitting the record in evidence.

We are, however, of the opinion that the court erred in excluding the evidence offered by defendant to prove that the note sued on was one of the notes in issue in the former suit, and formed in part a basis for the judgment rendered in such suit.

Judgment should be reversed and the cause remanded for a new trial.

BENNETT, JEFFREY, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.