## MUNDELL et al. v. COLONY MERC. CO.

No. 20456. Opinion Filed Nov. 10, 1931.

Blanton, Osborn & Curtis, for plaintiffs in error.

R. E. Bowling, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garvin county in favor of the defendant in error, plaintiff in that court, against the plaintiffs in error, defendants in that court. The parties hereinafter will be referred to as plaintiff and defendants.

The plaintiff caused an attachment to be levied upon a certain oil and gas mining lease of record in the name J. F. Trimmer. The defendant Ida Mundell claimed to be the owner of the oil and gas mining lease, and that J. F. Trimmer held the legal title thereto in trust for her. On that theory she instituted a suit in the district court of Garvin county to enjoin the sheriff from selling the oil and gas mining lease in the attachment proceeding. The other defendants were sureties on her injunction bond. On appeal to this court, Worley v. Mundell, 123 Okla. 237, 253 P. 42, the judgment of the district court was reversed and the cause was remanded to that court, with directions to sustain the demurrer to her petition. The theory of the case, as announced therein, was that she was not entitled to relief in equity for the reason that she had a plain, adequate, and complete remedy at law. By that decision the defendants became liable on the injunction bond.

Thereafter suit was instituted by the plaintiff against the defendants to recover a judgment on the injunction bond and judgment thereon was rendered by the district court of Garvin county in favor of the plaintiff and against the defendants. From that judgment an appeal was taken to this court.

The plaintiff alleged the execution of the injunction bond, the decision of this court in the injunction proceeding, and damages. The defendants alleged that the oil and gas mining lease was owned by Ida Mundell, and that the sheriff had no authority to sell the same under attachment for the reason that J. F. Trimmer had no right, title, interest, or estate therein. The plaintiff alleged in the reply that there had been an adjudication of the contention of the defendants set forth in the answer.

The judgment is questioned by the defendants only as to the item of $450, which was the determined value of the oil and gas mining lease. They admit that the other items of the judgment are correct.

The contention of the defendants is that they were not precluded by the judgment in the injunction proceeding from showing in the action on the injunction bond that the oil and gas mining lease was the property of Ida Mundell and not the property of J. F. Trimmer.

Had there been no injunction and had the sheriff sold the oil and gas mining lease in the attachment proceeding, the title thereto conveyed by the sheriff would have been "that possessed by the debtor whose property it was." Shinn on Attachment, page 820. While the injunction prevented the plaintiff from selling the property, the plaintiff was not injured thereby unless the sheriff was authorized to sell the property. The property held by a trustee may not be sold on an attachment in an action against the trustee wherein the cestui que trust is not a party. 6 Corpus Juris, 206. If J. F. Trimmer held the legal title to the property in trust, the attachment was wrongful, and had the sheriff sold the same in the attachment proceeding, he would have been liable in an action against him by the owner of the property. 6 Corpus Juris, 415. In determining the amount of damage, if any, sustained by the plaintiff in this case through the granting of the injunction, the question of wheth-

er or not Ida Mundell was the owner of the property and whether or not her rights therein had been adjudicated were issues of fact to be tried in this action. While the decision of this court is a final determination that the injunction ought not to have been granted (Whitehead v. Cook, 100 Okla. 282, 229 P. 254), there remained for trial in this action the question of the amount of damages sustained by the plaintiff through the enjoining of the sale of the property.

The trial court refused to permit any evidence as to the ownership of the property, and therein the trial court was in error. Evidence thereof was competent and should have been admitted, though the plea of the plaintiff of res adjudicata, as stated in its reply, was sustained, for a plea of res adjudicata is an affirmative defense which must be proved. Wade v. Hope & Killingsworth, 89 Okla. 64, 213 P. 549; Hall v. Morris, 96 Okla. 39, 219 P. 903. If, as pleaded in the reply, there has been an adjudication by a court of competent jurisdiction, in an action in which Ida Mundell was a party, that she was not the owner of the property, and if that judgment is otherwise sufficient, the defense pleaded by the plaintiff to the claim of ownership of Ida Mundell would have been good, but, in the absence of proof thereof, the ownership of Ida Mundell, if any, of the property did not pass from her, and the sheriff was without legal authority to sell the same on an execution on a judgment against J. F. Trimmer. See Herndon v. Shawnee Nat. Bank, 105 Okla. 207, 232 P. 432. We quote from East Tennessee Tel. Co. v. Anderson County Tel. Co., 74 S. W. 218, wherein the Supreme Court of Kentucky said:

"A suggestion by counsel we think admirably illustrates the soundness of the rule: Suppose, says he, that an administrator of an estate, finding some person about to commit waste by cutting down and carrying off valuable timber trees, were to procure an injunction, and give bond to answer in damages, which should be dissolved on the ground that an administrator had nothing to do with the real estate of his decedent. Can it be claimed that the defendant in such case could bring a suit against the administrator and his surety on the injunction bond, showing that, if he had not been enjoined, he could have cut down and carried off $2,000 worth of trees?"

In that case it was held that there was no liability on an injunction bond for damages sustained by the wrongful enjoining of the construction of a telephone line where the telephone company had no right to construct the same in the streets. It is a plain rule of law and common sense that one cannot be legally damaged for being restrained from doing an illegal act. A person cannot sustain legal injury unless he has been wrongfully restrained from doing something that he had a legal right to do. Under the law, a person who has been damaged by reason of having been wrongfully restrained by injunction from doing something that he had a legal right to do may recover what damages he has sustained; but the law does not contemplate that a person may be compensated in damages for being restrained from doing a thing he had no legal right to do, for, if he had no legal right to do the act, he cannot be damaged, and has no cause of action if he be enjoined from doing an illegal act. Guthrie v. Biethan (Idaho) 139 P. 718.

We have carefully read the decisions cited by the plaintiff, and we find none of them in conflict with the rule herein announced.

If Ida Mundell was, in fact, the owner of the oil and gas mining lease, and J. F. Trimmer held only the legal title thereto in trust for her, her right therein was not lost by the decision of this court holding that she could not maintain an injunction action for the reason that she had a plain, adequate, and complete remedy at law by intervention in attachment proceedings.

The district court of Garvin county was in error in refusing to hear evidence of the claim of ownership of Ida Mundell. For that error the cause is reversed and remanded to that court, with directions to set aside the judgment heretofore rendered and to grant the defendants a new trial.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER and McNEILL, JJ., absent.