## WHEELER v. SMOOT.

No. 27453.   Oct. 4, 1938.

F. R. Blosser, for plaintiff in error.

T. L. Turner, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff brought this action to dispossess the defendant and to recover certain real estate located in Roger Mills county. The relevant part of the answer filed by the defendant alleged that Robert Wheeler and Manta Wheeler were the owners of the land in question, and that the plaintiff claimed title by virtue of a judgment void on its face.

The judgment referred to in the answer was rendered in former cause No. 3188 in the district court of Roger Mills county purporting to foreclose a tax lien and styled Olson v. Vance, and defendant alleges that the judgment was void for the reason that the land involved was at all times the homestead of the defendant and the defendant's wife, and that the defendant's wife was not made a party to the action. The journal entry, together with the petition, in Olson v. Vance was attached to the answer.

After the answer filed by the said Robert Wheeler a reply was filed by W. T. Smoot setting up certain proceedings had in cause No. 3545, hereinafter discussed. Thereupon the following stipulation was filed:

"It is stipulated and agreed by and between the plaintiff, and the defendant, that the land involved in the case was filed on by the defendant and on the 3rd day of

February, 1908, a patent was issued therefor and that said premises were occupied as the homestead of the defendant and his wife, Manta Wheeler. That on the 30th day of December, 1926, an action was filed in the district court of Roger Mills county, Okla., styled, 'B. Olson v. J. W. Vance et al.,' the same being number 3188, wherein the plaintiff sought to foreclose a tax lien on said premises. That at the filing of said cause the premises involved herein was the homestead of Robert Wheeler, the defendant herein, and that the defendant's wife, Manta Wheeler, was never made a party defendant in said cause, Number 3188, nor was service of any kind or character ever attempted or made against her.

"That on the 5th day of September, 1927, judgment was rendered in said cause against the defendant herein, Robert Wheeler, purporting to foreclose said tax lien.

"That under and by virtue of said judgment a sale was had of said premises, which sale was held on the 25th day of October, 1927, confirmed by the court, and a sheriff's deed was issued to the plaintiffs in said cause number 3188, for the premises involved herein.

"That all of the title, if any, obtained by the plaintiffs, is now lodged in the plaintiff in this case, Tandy Smoot, and forms the basis of his right of possession.

"That after the issuance of the sheriff's deed and whatever title obtained thereunder was lodged in Tandy Smoot, the defendant, Robert Wheeler, but at no time joined by his wife, Manta Wheeler, executed an agricultural lease in favor of the plaintiff, Tandy Smoot.

"That each year, up until the year of 1934, the defendant, Robert Wheeler executed written leases for said premises in favor of this plaintiff.

"That no lease was executed during the year 1934 and the rental was taken out of the proceeds of the sale by the plaintiff.

"That the wife of the defendant, Robert Wheeler, did not join her husband, Robert Wheeler, in any of the aforesaid leases, and that the defendant, Robert Wheeler, and his wife have continued to reside on said premises since the filing and the issuance of the patent by the United States government.

"That on March 2, 1929, Marian E. Stutterd filed an action against Robert W. Wheeler, case Number 3545, in the district court of Roger Mills county, Okla., against Robert W. Wheeler and Manta Wheeler, his wife, to foreclose a certain mortgage on the land involved herein. All of the files in said action are hereby filed as evidence of the plaintiff in this case.

"The defendant has paid no rent on said premises and has never leased said premises for the year 1935, and that plaintiff served notice as required by law in forcible entry and detainer, on the defendant, Robert Wheeler, to vacate the same and of the filing of the action in forcible entry and detainer and that the defendant has refused to surrender possession of said premises."

On the 3rd day of February, 1936, judgment was rendered for the plaintiff, Smoot, against the defendant, Robert Wheeler, finding that the claims of Robert Wheeler are now res adjudicata and rendered a judgment against him for recovery of possession of the above-described premises. Motion for new trial was filed and overruled, and the appeal is brought to review the judgment.

Cause No. 3188 was filed by B. Olson against J. W. Vance et al., including Robert Wheeler. Robert Wheeler was served personally, but there was no service on his wife, Manta Wheeler.

The original journal entry of judgment in former cause No. 3188, dated September 5, 1927, did not recite that Robert Wheeler was served, or that he was in default. A nunc pro tunc order was entered on application of the plaintiff in cause No. 3188 correcting the original journal entry to recite service of process on Robert Wheeler.

A motion to set aside the judgment entered in cause No. 3188, supra, was filed on the 21st day of May, 1935, alleging that the judgment obtained on September 5, 1927, was void for failure to serve Manta Wheeler, and that the conveyance to Tandy Smoot was void for the reason that Manta Wheeler had a homestead interest in the premises. So far as the record discloses, this motion is still pending.

In the reply filed, as above stated, W. T. Smoot alleged that in cause No. 3545 Marian E. Stutterd brought an action against Robert Wheeler and Manta Wheeler and W. T. Smoot and Edna L. Smoot wherein W. T. Smoot and Edna L. Smoot set up their title and asked that it be quieted, and that title was thereupon quieted in said W. T. Smoot, and that by reason thereof the said defendants Robert Wheeler and Manta Wheeler are forever barred from questioning the title of the plaintiff to said premises.

The first petition in cause No. 3545 was filed March 2, 1929. It sought to foreclose a mortgage executed by Robert Wheeler and Manta Wheeler to the Pittsburg Mortgage Investment Company and assigned to the plaintiffs, and made them parties to the suit together with D. Olson, L. L. Stone, Rankin Oil & Gas Company, and John Doe, tenant. An amended petition was filed August 23, 1929, to make Tandy Smoot and Edna L. Smoot parties; thereupon Edna Smoot and Tandy Smoot filed their separate answer alleging the proceedings had in cause No. 3188,

the subsequent sale and the purchase by Olson and transfer to the said Tandy Smoot and Edna L. Smoot. They allege a fraudulent scheme by transfer of the mortgage to Marian E. Stutterd and seek a cancellation and quieting of the title. B. Olson and L. L. Stone filed a separate answer adopting the answer of Tandy Smoot and Edna L. Smoot. Robert Wheeler and Manta Wheeler filed their separate answer and alleged that the plaintiff was not a holder in due course; that the assignment was part of a fraudulent scheme, and that Marian E. Stutterd has no greater rights than the Pittsburg Mortgage Investment Company; that the original mortgagee, the Pittsburg Mortgage Investment Company, had permitted the land to be sold for taxes, and that therefore the said Robert Wheeler and Manta Wheeler lost the land through the tax sale.

The said Marian E. Stutterd filed a reply in the nature of a general denial, and thereupon Robert Wheeler and Manta Wheeler filed an amendment to their answer wherein they further pleaded that by cause No. 3188 these premises were being foreclosed; that plaintiff undertook to pay the taxes thereon to which the land had become subject, and by reason of the failure of the plaintiff to comply therewith the said Robert Wheeler and Manta Wheeler lost these premises. They prayed for damages for $1,600 and $200 attorney's fee.

A reply was filed to the amended answer and a reply was filed by Marian E. Stutterd to the separate answer of Tandy Smoot and Edna Smoot in which Marian E. Stutterd attacked the validity of the tax sale in cause No. 3188. Thereupon the court rendered judgment in cause No. 3545 denying the foreclosure of the mortgage of the plaintiff as against the Smoots, but rendering judgment against the Wheelers for the amount of the note. It quieted title in the defendants Smoot as against the plaintiff, Marian E. Stutterd.

We hold that when the trial court entered its judgment in cause No. 3545, Marian E. Stutterd v. Wheeler et al., it completely established the existing rights between the Wheelers and the plaintiff. In the brief of plaintiff in error is cited the second syllabus of the case of Smith v. Braley, 76 Okla. 220, 184 P. 586, as follows:

"In an action in ejectment, a former judgment of a court of competent jurisdiction, between the same parties and involving the same subject-matter, is conclusive as to the respective parties and those in privity with them, not only as to every matter involved in the former case, but as to every matter germane to the issues, which could or might have been litigated and determined therein, whether the same was pleaded or not; but such judgment does not have the effect of settling conflicting or hostile claims between coplaintiffs or codefendants, unless such claims were brought into issue and were actually litigated and adjudicated."

In Baker v. Leavitt, 54 Okla. 70, 153 P. 1099, it is said:

"The rule is well settled in this state that a final judgment of a court of competent jurisdiction is conclusive between the parties, and their privies, in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein."

Defendant urges that he is within the exception noted by the case first cited. With this we cannot agree. The matter of the alleged title of all parties now before the court was fully considered and fully adjudicated. When the court found that Marian E. Stutterd did not have a mortgage and quieted title in the Smoots as against her, the only legal conclusion possible was that by such judgment Robert Wheeler and Manta Wheeler had no interest therein. Neither party appealed from the judgment rendered. It is primary that it cannot be again adjudicated. Although there are several assignments of error, these are the two questions presented in each of them.

We do not discuss the proceedings prior to the commencement of the action in the district court for the reason that the parties appeared and maintained their issues therein on the pleadings without objection to the jurisdiction of the trial court, and proceeded to trial and to final judgment on the assumption that the action was properly lodged in the district court. It being thus assumed that the district court obtained jurisdiction, and the pleadings showing that it was a matter which the district court could and did adjudicate, we think both parties are within the rule that neither party can object to the judgment rendered for want of jurisdiction.

Finding no error in the judgment of the court, the same is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, HURST, and DAVISON, JJ., concur. CORN and GIBSON, JJ., absent.