POARCH et al. v. FINKELSTEIN.

99 P. 2d 871.

No. 29271.  Jan. 16, 1940.

Rehearing Denied Feb. 13, 1940.

Clearman & Ellis, of Sayre, for plaintiffs in error.

D. W. Tracy, of Sayre, for defendant in error.

DANNER, J. In 1935, J. E. Poarch, one of the plaintiffs in error here, brought suit against the defendant in error, D. A. Finkelstein, and others to enjoin the defendants from removing or interfering with a quantity of oil well casing alleged by the plaintiff in his petition to be owned by him.

In his answer in that case the defendant Finkelstein denied generally the allegations contained in the plaintiff's petition, asserting ownership of the property in himself. On the trial to the court, upon the issues presented by the pleadings and the evidence adduced thereon, a general, final judgment was rendered in favor of the plaintiff. On appeal to this court the cause was reversed and remanded under the following opinion:

"Plaintiff in error filed petition in error with case-made attached on the 27th day of January, 1936, and on the 7th day of April, 1936, filed brief which reasonably supports the allegations of the petition in error. Defendant in error has filed no brief, nor offered any excuse for such failure.

"The cause is, therefore, reversed and remanded, with directions to vacate the judgment granting the permanent injunction and to enter judgment for the defendant." (Finkelstein v. Poarch, 177 Okla. 583, 61 P. 2d 230.)

Obviously, the cause was reversed under the rule that this court is not required to search the record to find the theory on which judgment of the trial court may be sustained, but may reverse the cause with directions, where defendant in error has neither filed brief nor offered any excuse for failure to do so and the plaintiff in error has served and filed brief in compliance with rules of the court in which authorities cited appear reasonably to sustain assignments of error. McDonald v. Dooley, 177 Okla. 507, 61 P. 2d 190; Jefferson v. Burgess, 171 Okla. 173, 42 P. 2d 237; Grayson v. Stith, 181 Okla. 525, 75 P. 2d 418.

In the case here under consideration Finkelstein brought suit against Poarch and others on the injunction bond given in the former action alleging in his petition that he had been damaged by reason of the granting of the injunction. In their answer the defendants denied generally the allegations of the petition; pleaded ownership of the casing and by cross-petition claimed damages by reason of plaintiff's acquisition of the oil well casing. On the trial, conforming to a jury verdict, judgment was rendered in favor of the plaintiff for $557.50 and costs. On defendant's motion, a new trial was granted on the ground that plaintiff's evidence was insufficient to sustain claim of $270, representing attorney's fee and other expenses of trial asserted by plaintiff in his petition. On plaintiff's motion, which included a remittitur of $270 of the judgment, the trial court vacated its order granting a new trial and entered judgment in favor of the plaintiff for $287.50.

The principal ground urged by the defendants for reversal of the judgment is: That the trial court erred in excluding evidence of their ownership of the casing offered in support of the allegation in their cross-petition; thus taking issue with plaintiff's contention that the question of ownership of the casing was adjudicated in the injunction case.

We have held that before injunctive relief will be granted the plaintiff must prove title to the property involved or some interest therein. Jacobs v. American Bank & Trust Co. et al., 180 Okla. 225, 68 P. 2d 801; Thomas v. Morgan et al., 113 Okla. 212, 240 P. 735, 43 A. L. R. 934. See, also, 32 C. J. 120, § 143. Also, that a final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same cause of action, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein. Carpenter v. Reo Sales Co., 170 Okla. 538, 39 P. 2d 130; Wheeler v. Smoot, 183 Okla. 447, 83 P. 2d 186; Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311; Uphoff v. Meier, 184 Okla. 378, 87 P. 2d 960. See, also, Rodgers et al. v. City of Ottawa (Kan.) 109 P. 765. The defendants contend, however, that the rule announced in the last above cases is not applicable to cases where injunctive relief is sought, citing Mundell et al. v. Colony Mercantile Co., 153 Okla. 79, 4 P. 2d 1059; Cosden Pipe Line Co. v. Voss, 170 Okla. 536, 41 P. 2d 648; Fort Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205.

In Mundell et al. v. Colony Mercantile Co., supra, under the facts there existent, we held in the syllabus:

"A plea of res judicata is an affirmative defense, which must be pleaded and proved."

"The owner of property, the legal title to which has been conveyed to another in trust for the owner and which has been attached in an action against the trustee, may not enjoin a sale of the property attached, for the reason that he has a plain, adequate, and complete remedy at law by intervention in the attachment proceedings. But the fact that he attempts to enjoin the sale of the property attached, and fails by reason of the fact that he has a plain, adequate, and complete remedy at law by intervention in

the attachment proceedings, does not deprive him of his ownership of the property or estop him from asserting his ownership thereof in any proper proceeding."

In that case, however, it appears that the owner of the property was not a party to the action between the creditor and the trustee. That point is emphasized by the following language appearing in the body of the opinion:

"The trial court refused to permit any evidence as to the ownership of the property, and therein the trial court was in error. Evidence thereof was competent, and should have been admitted, though the plea of plaintiff of res adjudicata, as stated in its reply, was sustained, for a plea of res judicata *is an affirmative defense which must be proved.* Wade v. Hope & Killingsworth, 89 Okla. 64, 213 P. 549; Hall v. Morris, 96 Okla. 39, 219 P. 903. If, as pleaded in the reply, there has been an adjudication by a court of competent jurisdiction, in an action in which Ida Mundell was a party, that she was not the owner of the property, and if that judgment is otherwise sufficient, the defense pleaded by the plaintiff to the claim of ownership of Ida Mundell would have been good, but, in the absence of proof thereof, the ownershhip of Ida Mundell, if any, of the property did not pass from her, and the sheriff was without legal authority to sell the same on an execution on a judgment against J. F. Trimmer. See Herndon v. Shawnee Nat. Bank, 105 Okla. 207, 232 P. 432."

Also failure to plead adjudication appears to have been an issue in the Mundell Case. That case is cited in American Bank & Trust Co. of Ardmore et al. v. Frensley, 167 Okla. 533, 30 P. 2d 883, wherein the question presented was discussed in the body of the opinion in the following language:

"It was contended that that adjudication was final and conclusive. There can be no question but that if the decree of the district court of Johnston county was an adjudication, final and conclusive, it could have been pleaded as a defense to the petition of B. F. Frensley to vacate the orders in the foreclosure proceedings. The failure to plead the decree at a time when the pleadings thereof would have been a defense to the action to vacate the orders in the foreclosure proceedings amounted to a waiver of that claim. Mundell v. Colony Merc. Co., 153 Okla. 79, 4 P. 2d 1059; St. Louis-S. F. Ry. Co. v. Stuckwish, Adm'x, 137 Okla. 251, 279 P. 683; Brockman v. Roberts, 89 Okla. 57, 213 P. 545; Wade v. Hope & Killingsworth, 89 Okla. 64, 213 P. 549, and Hall v. Morris, 96 Okla. 39, 219 P. 903.

"When a fact has been determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. Johnson v. Gillett, 66 Okla. 308, 168 P. 1031; Adams v. State ex rel. Mothersead, Bank Com'r, 133 Okla. 194, 271 P. 946."

In Cosden Pipe Line Co. v. Voss, supra, we held that where plaintiff sued for injunction to prevent defendant from threatened wrongful use of armed force and violence against plaintiff, and its agents, that in such action, the defendant could not litigate claim for money judgment for damages to crops and real estate; and in Fort Worth Lead & Zinc Co. v. Robinson, Ex'r, et al., supra, in deciding the principal question involved, we held that the defendant, in an action on a promissory note, may plead and prove, as a counter action, any cause of action he may have against the plaintiff, arising out of the cause of action alleged in the petition or connected therewith.

We are of the opinion that the authorities relied upon by the defendants are not controlling under the facts involved in the present case. Generally, the rights and liabilities of the parties to an injunction bond are fixed when it is finally determined that the injunction ought not to have been granted. 32 C. J. 452, para-

graph 782. Revell et al. v. Smith et al., 25 Okla. 508, 106 P. 863; Rodgers et al. v. City of Ottawa, supra (Kan.) 109 P. 765; Fullerton et al. v. Pool (Wyo.) 59 P. 431; Independent School Dist. et al. v. Oliver Mining Co. (Minn.) 208 N. W. 95.

The remaining propositions argued by the defendants refer generally to the amount of damages recovered. We have examined the record on this point and conclude that the sum allowed in the final judgment is amply sustained by the evidence.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and HURST, JJ., concur.