JOAQUÍN VARGAS, Plaintiff and Appellant, *v.* INTERNATIONAL GENERAL ELECTRIC CO. OF PUERTO RICO, Defendant and Appellee.

No. 8473. Argued May 19, 1942.—Decided June 4, 1942.

502

*L. Mercader* for appellant. *James R. Beverley, R. Castro Fernández,* and *José López Baralt* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The principal question for determination in this appeal is whether, in view of the allegations of the complaint and of the answer, and by virtue of a motion to strike out and for judgment on the pleadings in the case at bar, it can be held, as claimed by the plaintiff and appellant, that the lower court should have found that there was the presumption of *res judicata* as between a former action brought by the defendant against the plaintiff and the defense and cross demand set up by the defendant in its answer in the present suit.

The facts are as follows:

Joaquín Vargas in his verified complaint alleges that on April 29, 1941, the International General Electric Co. of P. R., defendant herein, brought, in the Municipal Court of San Juan, an action against him to recover a certain sum of money alleged to be owed on a radio set sold on the instalment plan; that the plaintiff in that action, seeking to secure the judgment, attached the radio set in the possession of the plaintiff herein, notwithstanding the latter had shown to the marshal that the radio set had been fully paid, but that the defendant took it from the home of the plaintiff over

his protest and that of his wife; that after a trial in the Municipal Court of San Juan and a hearing of the evidence introduced, "said court immediately dismissed the claim" and ordered that the radio set be returned to the plaintiff after the judgment, from which no appeal was taken by the defendant, had become final (*firme*). The plaintiff further alleges that by reason of the fault and negligence of the defendant, which attached the radio set knowing that the plaintiff did not owe anything on it, he has suffered damages amounting to $3,050.

The defendant in its answer denied that the plaintiff or his wife had exhibited to any person proof that the radio set had been fully paid for, or that the plaintiff had fully paid the purchase price of the radio set, and on the contrary alleged that at the time of the attachment and even at the time of the filing of the answer, the plaintiff owed to the defendant a $16.20 instalment, and likewise denied all the allegations as to damages. The defendant thus set up a cross demand, alleging that the radio set in question had been sold under a conditional sale contract which was duly recorded in the registry, and that the plaintiff still owed the defendant an instalment amounting to $16.20, and it demanded judgment for that sum.

The plaintiff moved the lower court to strike out the averments of the answer in so far as they referred to the existence of any debt, and also the cross demand, on the ground that the facts as alleged were passed upon by the Municipal Court of San Juan in the action for repossession and, therefore, it was a case of *res judicata;* and he further prayed for a judgment on the pleadings.

The lower court denied the above-stated motion of the plaintiff, whereupon he moved for a final judgment, which the court rendered, dismissing the complaint. In this appeal the appellant urges that the lower court erred in failing to strike out from the answer such particulars as concerned the

facts connected with the action for repossession brought by the defendant in the Municipal Court of San Juan, as well as the whole of the cross complaint, since the same had been the subject matter of a final judgment and constituted *res judicata* as between the parties, the defendant being estopped from attacking the judgment collaterally; and in refusing to render judgment on the pleadings and in failing to adjudge the defendant to pay the sum of $3,050 claimed, together with costs and attorney's fees.

The three assignments will be discussed and decided together.

 The grounds set forth by the lower court for denying plaintiff's motion to strike out are as follows:

"Since the answer filed denied substantially and specifically the essential facts of the complaint, the same should not be stricken out nor should judgment on the pleadings be rendered.

"Since the court can not assert, *in the absence of authentic evidence,* that the debt, the subject matter of the cross complaint, is the same as that involved in the judgment of the municipal court, *inasmuch as no evidence has been introduced in this case to establish such a judgment and its scope,* the court is of the opinion that it is not in a position to strike out the cross complaint, and that the plaintiff would not be prejudiced by the determination of such a question subsequent to the trial, in the event that it should involve a collateral attack against said judgment without the allegation of want of jurisdiction." (Italics ours.)

We think that the question presented in this appeal reduces itself to a matter of procedure rather than to one involving the merits. The plaintiff confined himself to alleging in his complaint in the present action that the defendant had prosecuted an action for repossession of the radio set in the Municipal Court of San Juan and, after hearing the evidence introduced, "said court immediately dismissed the claim of the defendant . . . ." The complaint contains no allegation as to the ground relied upon by the municipal court for dismissing the claim of the defendant in the former action.

Nor did the plaintiff file an answer to the cross complaint setting up the defense of *res judicata*. He confined himself, as we have seen, to the filing of a motion to strike out and for judgment on the pleadings. It was on the basis of such a motion that he sought to have the lower court declare that said defense existed.

In our opinion, the lower court was right in denying plaintiff's motion, as ■ it is not by means of a motion to strike out and for a judgment on the pleadings that the defense of *res judicata* can be raised. A motion to strike out only raises a question of law and is akin to a special demurrer. *Mazarredo et al.* v. *García et al.*, 31 P.R.R. 731; *Vargas* v. *Cruz*, 32 P.R.R. 422. Therefore, said motion does not afford a basis for the introduction of the evidence required to prove the defense of *res judicata*. ■ Nor was the motion for a judgment on the pleadings proper, because the defendant in its answer specifically controverted the essential allegations of the complaint and, further, because the defense of *res judicata* can not be raised in that way either. 30 Am. Jur., Judgments, §271 and 120 A.L.R. 8, 132. Considering a motion to strike out as a special demurrer, this court, in *Heirs of Quiñones et al.* v. *Central Éureka*, 37 P.R.R. 252, 256, said:

"The plea of *res judicata* was not justified in this action as a demurrer to the complaint because the pleadings do not show how the former action had terminated *or state the questions therein determined in order to show whether or not there had been res judicata as between the parties.* The demurrer to a complaint must be based on allegations contained therein, and *it is not proper to base them on facts appearing from other records,* as was done in this case by the defendant and the trial court, . . . . " (Italics ours.)

Although the complaint in the case at bar alleges that the Municipal Court of San Juan "dismissed the claim of the defendant," it does not contain any allegation as to the questions determined in that action.

In *Russell* v. *Mutual Lumber Co.*, (1925), 236 P. 96, the defendant filed a motion to strike out which, by stipulation of the parties, was submitted as if it were a demurrer and by virtue thereof the defense of *res judicata* was raised, and the Supreme Court of Washington, to quote from the syllabus, held as follows:

"Estoppel by acts, by admissions, and by res judicata are affirmative defenses to an action, to be pleaded and proved as such, and are not matters to be inquired into on demurrer, and motion to strike, when sole question before court is whether or not plaintiff has alleged improper matter in his complaint, or has failed to state therein facts sufficient to constitute a cause of action."

In *Samples* v. *United Fuel Gas Co.*, (1925), 130 S. E. 670, 672, it was held that:

" . . . A motion to dismiss, or a motion to strike out, is not a pleading on which evidence of a former adjudication can be introduced. (Citing authorities.)"

The the same effect are the decisions in *Hall* v. *Morris et al.*, (1923), 219 P. 903, and *Bronson* v. *Reed et al.*, (1934), 30 P. (2d) 459.

 In support of his contention that his motion was proper and that it was not necessary for him to introduce any evidence, the appellant in his brief argues as follows:

" . . . We say again that the plaintiff alleged, *and had already shown in the municipal court*, that not only was he not indebted to the defendant, but that he had paid on account sums exceeding the purchase price. The defendant admits it, because it even fails to deny such an essential allegation. This being so, the court needed no authentic evidence at all, but the allegation being admitted, it must forthwith accept the same, and find for the plaintiff in accordance with law." (Italics ours.)

In our judgment, the plaintiff is wrong; for the defendant in its answer specifically denied the allegation of the complaint to which the appellant refers, thus:

" . . . (it) denies that the plaintiff or his wife exhibited to any person proof that the radio set has been fully paid, it denies that the plaintiff has fully paid the purchase price of the radio set, and on the contrary alleges that at the time of the attachment, and even at the present time, the plaintiff owes to the defendant the sum of $16.20 as an instalment on said radio set."

The allegations of the complaint having been denied in this way, the lower court could not take judicial notice of what the plaintiff "had already shown in the municipal court," as alleged by him in his brief. It is a settled rule that a court does not take judicial notice of the records of a different court, and this rule applies especially where the defense of *res judicata* is duly pleaded. See 30 Am. Jur., Judgments, §273, and the monographs published in 96 A.L.R. 944 and 120 A.L.R. 8, 164.

The appeal must be denied and the judgment appealed from affirmed.