GARRISON v. BONHAM.

No. 34849.    July 15, 1952.

Rehearing Denied Nov. 25, 1952.

Application for Leave to File Second Petition for Rehearing Denied Jan. 6, 1953.

*251 P. 2d 790.*

Howard K. Berry, Oklahoma City, for plaintiff in error.

Draper Grigsby and Duke Duvall, Oklahoma City, for defendant in error.

BINGAMAN, J. This action was brought by Valeria Garrison, in her lifetime, against the defendant, William L. Bonham, to recover damages for pain and suffering alleged to have been caused by negligence on the part of the defendant, an eye, ear, nose and throat specialist, in performing a mastoid operation upon the plaintiff's left ear. Shortly after the bringing of the action plaintiff died and the action was revived in the name of her husband as administrator. Defendant, in his answer, among other things, denied any negligence in the operation and pleaded estoppel by a judgment, by reason of a judgment in his favor in an action thereafter brought by the administrator for the death of Valeria Garrison, due to the alleged negligence of defendant. Plaintiff, in his reply, admitted the said judgment but denied its conclusive effect in the instant case. The trial court sustained defendant's motion for judgment on the pleadings and the administrator appeals.

From the record and briefs it appears that this action was begun on October 16, 1947; that Valeria Garrison died on December 30, 1947; that her husband, S. A. Garrison, was appointed administrator of her estate and the present action was revived in his name as administrator; that on February 3, 1948, an action was filed by the administrator, who is plaintiff in the case at bar, against the same defendant on two causes of action, one for wrongful death and the other for hospital, medical and burial expenses, all alleged to be damages as a result of the negligence which is the basis of the present action. That case was tried to a jury on October 30, 1949, resulting in a general verdict for the defendant. The trial court rendered judgment accordingly and no appeal was taken from that judgment so that it became final.

In the instant case the plaintiff alleged employment of defendant, an eye, ear, nose and throat specialist, to perform an operation for mastoid upon the left ear of plaintiff; alleged that the operation was performed on October 25, 1945, in a hasty, careless, negligent, unskillful and unprofessional manner; that the defendant placed an excessive amount of antiseptic gauze packing in plaintiff's inner ear and covered and concealed the same with drugs and dressings so that it could not be seen from an external examination of the ear. It alleged that about

a week following the operation the defendant left Oklahoma City, leaving plaintiff in the care of another physician, and that before leaving he did not remove the antiseptic gauze packing in plaintiff's ear, and failed to advise the physician in whose care he left her that such packing was in her ear; that the packing remained in her ear until December 8, 1945, at which time it was discovered and removed. She alleged by reason of the above the wound in her ear abscessed and caused abnormal enlargement in her inner ear, produced an infection and a copious discharge; that it caused her to suffer severe and excruciating pain, high blood pressure, violent headaches, nausea and dizziness, and that a part of the tissues in the inner ear granulated, producing a partial paralysis of the left side of her face and the lid of her left eye. In his answer defendant denied negligence and alleged that each and every material issue and allegation in the petition as to the negligence of defendant was an issue in the other case and was finally determined in favor of defendant by the verdict and judgment for defendant in that case, and that by reason thereof the plaintiff was estopped from litigating further the question of the negligence or lack of negligence of defendant.

Defendant attached to his answer copies of the pleadings, verdict and judgment in the other case. Examination of these documents discloses that the petition of the administrator in that case alleged the negligence of the defendant and the effect that such alleged negligence produced upon his wife's ear in terms almost identical with the allegations of the petition in the instant case, with additional allegation that the infection progressed and developed until it became malignant and caused and produced his wife's death on December 30, 1947. He further alleged that the death of his wife was the direct and proximate result of the careless, negligent and unprofessional conduct of the defendant, as therein charged and described. In a second cause of action he sued for doctor and surgical expenses, hospitalization, X-ray and laboratory expenses and funeral and burial expenses. The defendant, in his answer in that case, denied negligence and denied that the operation performed by him or any treatment given Valeria Garrison thereafter, caused the wound to abscess, or brought about any malignancy which caused or produced her death.

Plaintiff in his reply admits the correctness of the pleadings, verdict and judgment in the other case, as shown by the answer, but denies the force and effect of that judgment as an estoppel.

The decisive question presented is whether the judgment for defendant in the other case, rendered prior to the trial of the instant case, operated as an estoppel and precluded the re-examination in the instant case of the question of defendant's negligence as alleged in plaintiff's petition. Plaintiff contends, as we understand his contention, that the death action was an action by the husband for his wife's wrongful death, and could be prosecuted and determined without impairing in any way the rights of the plaintiff in the instant case, which involves an entirely different cause of action. Defendant, on the other hand, contends that the judgment in the death case, being based upon the same allegations of law and fact as is the instant case, necessarily required the adjudication of those issues and that such questions may not again be relitigated in the instant case. We think the contention of defendant must be sustained.

We have, in numerous cases, announced the rule, which is now settled law in this state, that where a fact or facts have been judicially determined in an action and final judgment rendered in accordance therewith, such fact or facts cannot be again litigated between the same parties without impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. American Bank & Trust

Co. v. Frensley, 167 Okla. 533, 30 P. 2d 883; McKee v. Producers & Refiners Corp., 170 Okla. 559, 41 P. 2d 466; Poarch v. Finkelstein, 186 Okla. 523, 99 P. 2d 871; Price v. Clement, 187 Okla. 304, 102 P. 2d 595; Reinhart & Donovan Co. v. Guaranty Abstract Co., 201 Okla. 334, 205 P. 2d 881.

In all these cases, and many more, which may be found listed in the Oklahoma Digest, Judgment Key No. 634, et seq., we announced and adhered to the application of the rule above stated, although the action in which the judgment was rendered involved a different cause of action from that in which the estoppel was pleaded. And we held that the estoppel extended beyond the judgment to all facts involved as necessary steps or groundwork upon which it must have been founded. In American Bank & Trust Co. v. Frensley, supra, we said:

"When a fact has been determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. Johnson v. Gillett, 66 Okla. 308, 168 P. 1031; Adams et al. v. State ex rel. Mothersead, Bank Com'r, 133 Okla. 194, 271 P. 946."

The language above is quoted with approval in Poarch v. Finkelstein, supra. Measured by these rules it clearly appears that in the other case the jury necessarily determined that the defendant was not negligent as alleged in both the petition in that case and the petition in the instant case, since this was a necessary element of plaintiff's cause of action in each case, the establishment of which was necessary to a recovery. Also there was an identity of parties, which is necessary to the application of the estoppel, in that the plaintiff in that case, as well as the plaintiff in the instant case, was the administrator of the estate, and the recovery in each case would inure to the benefit of the plaintiff administrator, the husband of the deceased, and their one child, whom it was alleged in the death case were the sole surviving heirs of deceased. And the fact that the creditors of the estate, if any, were represented in the instant case by the administrator, is not involved and does not change the identity of the parties. Deep Rock Oil Co. v. Sheridan (10th Cir.) 173 Fed. 2d 186.

In the last-cited case the Circuit Court of Appeals for the Tenth Circuit held that the judgment in an action brought by the administratrix of the deceased for pain and suffering caused by an injury alleged to have been due to the negligence of the defendant, and which was decided in favor of the defendant, operated as estoppel by a judgment to bar a subsequent action for death brought by the administratrix upon the same allegations of negligence.

Plaintiff contends that the judgment in the other case does not necessarily bar the prosecution of the instant case for the reason that the jury in the other case could have found negligence on the part of the defendant, but that such negligence was not the cause of the death of the plaintiff. But, as we pointed out above, we think it obvious that the verdict in the other case necessarily absolved the defendant of the negligence as charged. In the other case recovery was denied for medical expenses, for treatment of the injuries complained of during the very period of time that recovery is sought in the case at bar for pain and suffering from the same injuries. Furthermore, we

have repeatedly held that the general verdict of a jury in favor of a party to an action was a finding of every material fact necessary to support the general verdict. Chicago, R. I. & P. Ry. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934; Myers v. Hubbard, 80 Okla. 97, 194 P. 433. The verdict of the jury in the other case being general it necessarily determined the question of defendant's negligence in his favor.

Affirmed.

HALLEY, V.C.J., and GIBSON, DAVISON, and JOHNSON, JJ., concur. WELCH, CORN, and O'NEAL, JJ., dissent.